1  Barrett S. Litt, SBN 45527
   Paul J. Estuar, SBN 167764
2  pestuar@littlaw.com
   Litt, Estuar, Harrison & Kitson LLP
3  1055 Wilshire Boulevard, Suite 1880
   Los Angeles, California 90017
4  Telephone: (213) 386-3114
   Facsimile:  (213) 380-4585
5
6  Robert Mann, SBN 48293
   Donald W. Cook, SBN 116666
7  doncook@earthlink.net
   Attorneys at Law
8  3435 Wilshire Boulevard, Suite 2900
   Los Angeles, California  90010
9  Telephone: (213) 252-9444
   Facsimile:  (213) 252-0091
10
11 Attorneys for Plaintiffs

12

13                  UNITED STATES DISTRICT COURT

14              EASTERN DISTRICT OF CALIFORNIA

15 MARSIAL LOPEZ, SANDRA           Case No. 1:07 CV-00474 LJO-DLB
   CHAVEZ, THEODORE MEDINA,
16 each individually, and as class    **FIRST AMENDED CLASS
   representatives,                    ACTION COMPLAINT FOR
17                                     DAMAGES**

18              Plaintiffs,                1. 42 U.S.C. §1983
                                           2. Equal Protection
19 vs.                                     3. Cal. Const. Art. I, §§7, 13
                                           4. Cal. Civ. Code §52.1
20 SHERIFF DONNY YOUNGBLOOD,               5. Statutory Duties
   individually and in his official capacity;   6. Mandatory Duties
21 FORMER SHERIFF MACK
   WIMBISH, in his individual capacity;   DEMAND FOR JURY TRIAL
22 COUNTY OF KERN, a governmental
   entity; KERN COUNTY SHERIFF'S
23 DEPARTMENT, a California public
   entity; and DOES 1 through 100,
24
25              Defendants.

26

27

28

                                1

## I.      INTRODUCTION

1.      This action concerns the manner in which prisoners are searched in Kern County's jails, alleging, *inter alia*, violations of the Fourth, Eighth and Fourteenth Amendments of the United States Constitution, and their corollaries under the California Constitution.

2.      The gravamen of this complaint concerns the privacy rights of prisoners who are routinely subjected to strip and/or visual body cavity searches in violation of the constitutions and laws of the United States and the State of California.

## II.     JURISDICTION AND VENUE

3.      Plaintiffs present federal claims for relief under 42 U.S.C. §1983. Accordingly, federal jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343.  Plaintiffs' state law claims are so related to the federal law claims that they form part of the same case or controversy.  Accordingly, supplemental jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. §1367.

4.      Plaintiffs' claims arise out of acts of the Kern County Sheriff's Department in the County of Kern, State of California, in and about Bakersfield, California. Accordingly, venue is proper within the Eastern District of California.

## III.    PARTIES

*Plaintiffs*

5.      Plaintiff Marsial Lopez, a male, is and was at all times relevant hereto, a resident of the County of Kern, State of California.

6.      Plaintiff Sandra Chavez, a female, is and was at all times relevant hereto, a resident of the County of Kern, State of California.

7.      Plaintiff Theodore Medina, a male, is and was at all times relevant hereto, a resident of the County of Kern, State of California.

*Defendants*

8.      Defendant County of Kern ("County") is a public entity organized and existing under the laws of the State of California.  Defendant Kern County Sheriff's Department ("KCSD") is a public entity within the meaning of California law, and is a County agency.  These defendants are sued in their own right for a County and/or KCSD policy, practice or custom which caused plaintiffs' injuries in violation of one or more federal constitutional guarantees, and on plaintiffs' state law claims based on *respondeat superior*, under California Government Code §815.2 and mandatory duties under California Government Code §815.6.

9.      Defendant Donny Youngblood ("Youngblood") is the Sheriff of Kern County, and is the policy maker for the KCSD. He is sued in his official and individual capacities.

10.     Defendant Mack Wimbish ("Wimbish") is the former sheriff for Kern County, and is Youngblood's predecessor. Plaintiffs sue Wimbish in his individual capacity only.

11.     Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs will give notice of this complaint, and of one or more DOES' true names and capacities, when ascertained. Plaintiffs are informed and believe and based thereon allege, that defendants DOES 1 through 100 are responsible in some manner for the damages and injuries hereinafter complained of.

12.     DOES 1-50 (hereinafter collectively referred to as "KCSD Supervisory defendants") were and are now responsible for the KCSD jails and, among other things, are responsible for the training, supervision, control, assignment and discipline of the sworn and civilian personnel of the KCSD and County who work in, operate, administer and manage the jails, and for the formulation, promulgation,

adoption, application, administration and enforcement of the policies, rules, regulations and practices of the KCSD jails.

13.     Upon information and belief, plaintiffs further allege that, at all times relevant herein, the KCSD Supervisory defendants participated in, approved, and/or ratified the unconstitutional or illegal acts complained of herein that occurred within KCSD jails.

14.     DOES 51-100 were and are now KCSD employees and/or agents responsible for the implementation of the policies, rules, regulations and practices of the KCSD jails, and include KCSD employees who actually implemented and enforced the unlawful policies and practices complained of herein.

15.     Plaintiffs are informed and believe, and thereupon allege that, at all times relevant herein, the individual defendants, and each of them, were the agents, servants and employees of their respective employers (defendants KCSD, County) and were acting at all times within the scope of their agency and employment, and with the knowledge and consent of their principals and employers. At all times herein, defendants, and each of them, were acting under the color of state law.

## IV.     CLAIMS OF CLASS REPRESENTATIVES

*Plaintiff Marsial Lopez*

16.     On or about late June 2005, plaintiff Lopez surrendered himself to out-of-state law enforcement officers upon learning that there was a Kern County felony warrant for his arrest for charges filed in the Kern County Superior Court. Thereafter, Lopez was incarcerated in the Kern County jails, commencing late June 2005 and continuing until the first week of November, 2006.

17.     During his incarceration in the Kern County jails, KCSD deputies transported Lopez to and from the Kern County Superior Court for appearances on plaintiffs' then pending criminal case. Whenever Lopez was transported between jail facilities, and when he was returned to jail from superior court, he was

4

subjected to intrusive visual body cavity/strip searches. That is, in the presence of others not necessary for the searches and without any privacy, Lopez was forced to remove all of his clothing, expose his body cavities in the presence of other persons, in unsanitary conditions.

18.     On or about November 6, 2006, Lopez, still incarcerated in the Kern County jail and awaiting a retrial (in his first trial the jury deadlocked 11-1, in favor of acquittal) was taken before the Kern County Superior Court. At that time the prosecuting authority dismissed all criminal charges against him. The prosecutor dismissed the charges because the prosecutor's office finally decided to test DNA found on clothing recovered from the crime scene. The DNA test results excluded him as the perpetrator of the charged crimes.

19.     After the charges were dismissed, the superior court ordered Lopez' release. At that point KCSD deputies returned Lopez to the Kern County jail for the sole purpose of processing his release from custody. Upon arrival at the jail, Lopez was subjected to an illegal and intrusive visual body cavity/strip search, in unsanitary conditions, without privacy, and without reasonable suspicion that he possessed contraband or weapon(s). The search took place in the presence of persons not necessary for the search, forcing Lopez to expose his body cavities in the presence of other persons, without privacy, and in unsanitary conditions.

20.     Lopez has timely filed a claim under Government Code §910 with the County of Kern, both on behalf of himself and other persons similarly situated.

*Plaintiff Sandra Chavez*

21.     On or about February 17, 2007, plaintiff Chavez was arrested by KCSD personnel, placed in KCSD custody after arrest, and transported to a Kern County jail facility.  Chavez was arrested on a charge related to fighting in public.

22.     Upon her arrival at the jail, KCSD personnel subjected Chavez to an intrusive strip and visual body cavity search.  During the search KCSD employees

required Chavez to remove all of her clothing, and to bend and squat, exposing her anus and vagina.  Chavez was searched in a room along with approximately four or five other women. At the time of the search, KCSD personnel did not have probable cause or reasonable suspicion that Chavez or the other prisoners were in the possession of contraband, or any other substance that would justify or necessitate the strip and/or body cavity search.  A male officer, though not participating in the strip search, was within view of Chavez during the search.

23.     After being booked and strip searched, Chavez was given a court date and released from custody.  She was not arraigned until two weeks later, where she was sentenced to probation and a fine.

24.     Chavez has timely filed a claim under Government Code §910 with the County of Kern, both on behalf of herself and other persons similarly situated.

*Plaintiff Theodore Medina*

25.     On or about June 7, 2006, plaintiff Medina was arrested by KCSD personnel, placed in KCSD custody after arrest, and transported to a Kern County jail facility.  Medina was arrested on a charge of public intoxication.

26.     Upon arrival at the jail, KCSD personnel subjected Medina to an intrusive strip and visual body cavity search.  During the search KCSD employees required Medina to remove all of his clothing, and to bend and squat, exposing his anus. Medina was searched in a room along with approximately four or five other arrestees. At the time of the search, KCSD personnel did not have probable cause or reasonable suspicion that Medina or the other arrestees were in the possession of contraband, or any other substance that would justify or necessitate the strip and/or body cavity search.  The strip and visual body cavity search described herein occurred before Medina was arraigned.

27.     Within two years from the filing of this complaint, Medina was also arrested on a charge of spousal abuse, placed in KCSD custody after arrest, and transported

6

to a Kern County jail facility.  While being booked KCSD personnel subjected Medina to an intrusive strip and visual body cavity search, in the presence of others not involved in his search, and in unsanitary conditions.  After spending 17 days in a Kern County jail facility, Medina appeared in court, was sentenced to time served and ordered released by the judge.  After the order of release, Medina was transferred from court to jail and, as a routine part of out-processing, was subjected to an intrusive strip search, in the presence of others not involved in his search, and in unsanitary conditions.  At the time of the aforementioned searches, KCSD personnel did not have probable cause or reasonable suspicion that Medina was in possession of contraband, or any other substance that would justify or necessitate the strip and/or visual body cavity search.

## V.      CLASS ACTION ALLEGATIONS

28.    Plaintiffs bring this action on their own behalf, and on behalf of a class of all other persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class is defined as those persons who, in the two years preceding the filing of this action, and up until the date of class certification, or such other date as the Court may set, were forced to undergo unlawful strip and/or visual body cavity searches in Kern County's jails which are operated, maintained and under the control of the County, the KCSD and the Supervisory defendants.

29.    On information and belief, plaintiffs allege the strip and/or visual body cavity searches to which they and class members were subjected, were done pursuant to defendants' policy and practice to indiscriminately search all or a large number of persons being processed into the jail without regard to: a) The nature of their offense or criminal history; b) Whether they are under an order of release or not; c) Whether they have had contact with any persons from outside the County jail system who could reasonably be believed to be a potential source of contraband or weapons; d) Whether there is cause of any kind to believe they are a

potential source of contraband or weapons; e) Whether there is any other articulable justification for defendants' indiscriminate strip and body search policy; or f) Whether they are "prearraignment detainees," as that term is used in California Penal Code §4030(b).

30.    On information and belief, plaintiffs allege that defendants have a policy of not limiting the persons who can see or hear or observe all or part of the strip and body cavity searches to those who are necessary to the procedure. Thus, other inmates, members of the opposite six, dispensable jail personnel and possibly others are able to see and/or hear some or all of the searches described below. Specifically, class members are required to submit to strip and/or body cavity searches during which other people, who are not participating in the search and possibly are of the opposite sex, including jail staff and other inmates, are able to observe the search and the class members' naked bodies.  In many instances, class members are forced to touch each other's bodies during the searches.

31.    On information and belief, plaintiffs allege that defendants will continue their aforementioned policy and practice of unlawful strip and/or visual body cavity searches unless enjoined and restrained by the court.  Without injunctive relief applicable to the class as a whole, the class members will suffer irreparable harm for which there is no adequate remedy at law in that their constitutional and statutory rights will be systematically violated.

**VI.    RULE 23 PREREQUISITES**

*A.  Numerosity*

32.    In accordance with F.R.Civ. P. Rule 23(a), the members of the class are so numerous that joinder of all members is impracticable. Plaintiffs do not know the exact number of class members. Plaintiffs are informed and believe and thereon allege that there are more than 50 prisoners per day who are subjected to strip and/or body cavity searches as a result of defendants' policies and practices of

indiscriminately subjecting prisoners to strip and body cavity searches. Plaintiffs are informed and believe and thereon allege that the number of persons in the proposed class is in the thousands.

    B.  *Common Issues of Fact or Law*

33.    In accordance with F.R. Civ. P. Rule 23(a), there are questions of fact common to the class. Plaintiffs are informed and believe and thereon allege that the common questions of fact include, but are not limited to the following: (1) Whether the KCSD routinely subjects all prisoners to strip and/or body cavity searches without there being any reasonable suspicion, based on specific or articulable facts, to believe any particular inmate has concealed drug(s), weapon(s) and/or any contraband on their persons or in their body cavities; (2) Whether the strip and/or body cavity searches are conducted in an area of privacy so that the search cannot be observed by persons not participating in the search, or whether the strip and body cavity searches are conducted in areas where they may be observed by persons not participating in the searches; and (3) Whether the strip and/or body cavity searches are conducted in an unsanitary area, infested with bacteria such as MRSA and other communicable diseases.

34.    In accordance with F.R. Civ. P. Rule 23(a), there are questions of law common to the class.  Plaintiffs are informed and believe and thereon allege that the common questions of law include but are not limited to the following: (1) Whether the KCSD may indiscriminately conduct strip and/or body cavity searches of inmates without there being any reasonable suspicion, based on specific or articulable facts, to believe any particular inmate has concealed drug(s), weapon(s) and/or any contraband on their persons or in their body cavities; (2) Whether the KCSD may conduct strip and/or body cavity searches of inmates in open areas where they may be observed by persons not participating in the searches; (3) Whether KCSD's policy of subjecting persons to strip and/or body cavity searches

violates California Penal Code §4030; (4) Whether KCSD's policy of subjecting persons to strip and/or body cavity searches in an area which is not an "area of privacy" violates California Penal Code §4030(m); (5) Whether the conduct described above violates the Fourth and/or Fourteenth Amendments, and/or California Constitution Article I, §§1, 7, and/or 13; (6) Whether the conduct described above constitutes a policy or custom of the defendants; (7) Whether any individual defendant is entitled to qualified immunity on the federal claims, or state law immunity on the state law claims, for the practices complained of herein; and (8) Whether determination of damages suffered by a statistically representative sample of the class provides the basis for determination of all class members' damages except those who opt out.

> ### C. Typicality

35.    In accordance with F.R. Civ. P. Rule 23(a), the claims of the representative Plaintiffs are typical of the class. Plaintiffs were in KCSD custody when he was subjected to at least one strip and/or visual body cavity searches without there being any reasonable suspicion, based on specific or articulable facts, to believe that plaintiffs and class members had concealed drug(s), weapon(s) and/or any contraband in their body cavities; plaintiffs were subjected to searches in open areas where they were observed by other prisoners and persons not involved in the search, possibly including sometimes members of the opposite sex; plaintiffs were searched and forced to stand naked in unsanitary and bacteria infested areas.

36.    Thus, plaintiffs have the same interests and have suffered the same type of damages as the class members. Plaintiffs' claims are based upon the same or similar legal theories as the claims of the class members. Each class member suffered actual damages as a result of being subjected to a strip and/or body cavity search. The actual damages suffered by plaintiffs are similar in type and amount to the actual damages suffered by each class member.

37.     In accordance with F.R. Civ. P. Rule 23(a), the representative plaintiffs will fairly and adequately protect the interests of the class. The interests of the representative plaintiffs are consistent with and not antagonistic to the interests of the class.

### D. Maintenance and Superiority

38.     In accordance with Fed.R.Civ.P. Rule 23(b)(1)(A), prosecutions of separate actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the parties opposing the class.

39.     In accordance with Fed.R.Civ.P. Rule 23(b)(1)(B), prosecutions of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, substantially impair or impede the interests of the other members of the class to protect their interests.

40.     In accordance with Fed.R.Civ.P. Rule 23(b)(2), plaintiffs are informed and believe and thereon allege that the defendants have acted on grounds generally applicable to the class.

41.     In accordance with Fed.R.Civ.P. Rule 23(b)(3), the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and this class action is superior to other available methods for the fair and efficient adjudication of the controversy between the parties.  Plaintiffs are informed and believe and thereon allege that the interest of class members in individually controlling the prosecution of a separate action is low, in that most class members would be unable to individually prosecute any action at all.  Plaintiffs are informed and believe and thereon allege that the amounts at stake for individuals are such that separate suits would be impracticable in that most members of the class will not be able to find counsel to represent

them. Plaintiffs are informed and believe and thereon allege that it is desirable to concentrate all litigation in one forum because all of the claims arise in the same location, *i.e.,* the County of Kern, and it will promote judicial efficiency to resolve the common questions of law and fact in one forum, rather than in multiple courts.

42.     Plaintiffs do not know the identities of the class members. Plaintiffs are informed and believe and thereon allege that the identities of the class members are ascertainable from KCSD records, in particular the KCSD computer system used to track and identify KCSD inmates. Plaintiffs are informed and believe and thereon allege that the computer system reflects the identities, including addresses and telephone numbers, of the persons who have been held in custody by KCSD; when inmates were arrested and booked, taken to court, returned from court; why inmates were released; and when inmates were released.

43.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.  The class action is superior to any other available means to resolve the issues raised on behalf of the class.  The class action will be manageable because so many different records systems exist from which to ascertain the members of the class. Liability can be determined on a class-wide basis. Damages can be determined on a class-wide basis using a damages matrix set by a jury, or by trying the damages of a statistically valid sample of the class to a jury and extrapolating those damages to the class as a whole.

44.     In accordance with Fed.R.Civ.P. Rule 23(b)(3), class members must be furnished with the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. Plaintiffs are informed and believe that KCSD computer records contain a last known address for class members.  Plaintiffs contemplate that individual notice be given to class members at such last known address by first class mail. Plaintiffs

contemplate that the notice inform class members of the following:

      a.  The pendency of the class action, and the issues common to the class;

      b.  The nature of the action;

      c.  Their right to 'opt out' of the action within a given time, in which event they will not be bound by a decision rendered in the class action;

      d.  Their right, if they do not 'opt out,' to be represented by their own counsel and enter an appearance in the case; otherwise, they will be represented by the named plaintiffs and his counsel; and

      e.  Their right, if they do not 'opt out,' to share in any recovery in favor of the class, and conversely to be bound by any judgment on the common issues, adverse to the class.

45.    Plaintiffs restate and incorporate by reference each of the foregoing paragraphs in each of the following causes of action as if each paragraph was fully set forth therein.

**COUNT ONE - 42 U.S.C. §1983**

**(All Defendants)**

46.    In subjecting plaintiffs and class members to the unnecessary, demeaning, outrageous and intrusive strip and/or body cavity searches, defendants, and each of them, violated plaintiffs' and class members' rights to be secure in their persons against unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. Therefore, plaintiffs and class members are entitled to bring suit and recover damages pursuant to 42 U.S.C. §1983.

**COUNT TWO - EQUAL PROTECTION**

**(All Defendants)**

47.    The unnecessary, demeaning, outrageous and intrusive strip and/or body cavity searches deprived plaintiffs and class members of the protections afforded

by provisions of the 14th Amendment Equal Protection guarantees. Therefore, plaintiffs and class members are entitled to bring suit and recover damages pursuant to 42 U.S.C. §1983.

### COUNT THREE - Cal. Const., Art. I §§7, 13
### (All Defendants)

48.     The unnecessary, demeaning, outrageous and intrusive strip and/or body cavity searches to which plaintiffs and class members were subjected violated plaintiffs' rights not to be denied equal protection of the law, as guaranteed by Article I, § 7 of the California Constitution; and to be secure in their persons against unreasonable searches and seizures, as guaranteed by Article I, § 13 of the California Constitution.

### COUNT FOUR - Cal. Civ. Code §52.1
### (All Defendants)

49.     The unnecessary, demeaning, outrageous and intrusive strip and/or visual body cavity searches were accomplished via threats, intimidation and/or coercion.

50.     The unnecessary, demeaning, outrageous and intrusive strip and/or visual body cavity searches deprived plaintiffs and the class they represent of the protections afforded by provisions of federal constitutional and state constitutional and statutory law, including but not limited to rights protected under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution; Article I, §§1, 7, 13, and 17, of the California state constitution, and California Penal Code §4030.  Therefore, plaintiffs and the class are entitled to bring suit and recover damages pursuant to Cal. Civ. Code §52.1(b).

51.     As a direct and proximate cause of the aforementioned acts, plaintiffs and class members were damaged in an amount to be proven at trial but in any event not less than $4,000 per violation pursuant to the provisions of Civil Code §52(b).

14

52.     The aforementioned acts of defendants directly and proximately caused plaintiffs to be deprived of their California constitutional rights as stated above, thereby entitling plaintiffs and class members to recover damages proximately caused by defendants' wrongful acts.

## COUNT FIVE - Violation of Statutory Duties, Penal Code §4030
## (Against All Defendants)

53.     The unnecessary, demeaning, outrageous, and intrusive strip and/or body cavity searches to which plaintiffs and the class members were subjected by defendants, violated plaintiffs' and the class members' state-law protections guaranteed by California Penal Code §4030 and equal protection guarantees.

54.     Although by its terms Penal Code §4030 only applies to misdemeanor arrests, there is no reason to establish different standards for how a strip is conducted in order to maintain the arrestee's privacy while allowing the strip search based on whether arrestee is charged with a misdemeanor or a felony. Accordingly, equal protection and due process of law under the Federal and California Constitutions require that the manner of strip search protections contained in Penal Code §4030 apply to felony arrestees as well as misdemeanor arrestees.

55.     Any violation of a California statute is mandatory and prohibitory.

56.     The aforementioned acts of defendants directly and proximately caused the plaintiffs and the class members to be deprived of their rights as stated above, thereby entitling plaintiffs and class members to recover damages proximately caused by defendants' wrongful acts, including statutory damages under Penal Code § 4030.

## COUNT SIX- Violation of Mandatory Duties
## (Against All Defendants)

57.     The Fourth, Eighth and Fourteenth Amendments to the United States

Constitution; Article I, §§1, 7, 13, and 17, of the California state constitution; California Penal Code §4030; and California Civil Code §52.1 are enactments. Enactments form the basis of a mandatory duty under California Government Code §815.6.

58.     These constitutional provisions and statutes apply to all members of the general public, including plaintiffs, and were all designed to prevent the kind of injuries alleged herein.

59.     Defendants did not exercise reasonable diligence in discharging their duty to refrain from violating the constitutional rights of plaintiffs and class members.

60.     As a direct and proximate cause of the aforementioned acts of defendants, plaintiffs and class members were damaged in amounts to be determined at trial.

## VII.   PRAYER

WHEREFORE, plaintiffs, on behalf of themselves and the class members they represent, request the following against each defendant as follows:

61.     General and special damages according to proof;

62.     Temporary, preliminary and permanent injunctive relief prohibiting defendants from continuing to engage in the unlawful practices complained of herein;

63.     As against the individual defendants only, punitive damages according to proof;

64.      In addition to actual damages, statutory damages as allowed by law, including Penal Code §4030 and Civil Code §§52 and 52.1;

16

65.     Attorneys' fees and costs under 42 U.S.C. §1988; California Civil Code
        §§52(b)(3), 52.1(h); California Code of Civil Procedure §1021.5, and
        whatever other statute or law may be applicable;

66.     The costs of this suit and such other relief as is just and proper.


DATED: June 20, 2007                    Litt, Estuar, Harrison & Kitson, LLP



                                        By:_____/s/_____
                                            Paul J. Estuar
                                            Attorneys for Plaintiffs



                        **DEMAND FOR JURY TRIAL**

        Plaintiffs, on behalf of themselves individually and on behalf of the class

they represent, demand a jury trial.

DATED: June 20, 2007                    Litt, Estuar, Harrison & Kitson, LLP



                                        By:_____/s/_____
                                            Paul J. Estuar
                                            Attorneys for Plaintiffs