Barrett S. Litt, SBN 45527
Paul J. Estuar, SBN 167764
pestuar@littlaw.com
Litt, Estuar, Harrison & Kitson LLP
1055 Wilshire Boulevard, Suite 1880
Los Angeles, California 90017
Telephone: (213) 386-3114
Facsimile:  (213) 380-4585

Robert Mann, SBN 48293
Donald W. Cook, SBN 116666
doncook@earthlink.net
Attorneys at Law
3435 Wilshire Boulevard, Suite 2900
Los Angeles, California  90010
Telephone: (213) 252-9444
Facsimile:  (213) 252-0091

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSIAL LOPEZ, SANDRA CHAVEZ, THEODORE MEDINA, each individually, and as class representatives,<br><br>Plaintiffs,<br><br>vs.<br><br>SHERIFF DONNY YOUNGBLOOD, individually and in his official capacity; FORMER SHERIFF MACK WIMBISH, in his individual capacity; COUNTY OF KERN, a governmental entity; KERN COUNTY SHERIFF'S DEPARTMENT, a California public entity; and DOES 1 through 100,<br><br>Defendants. | Case No. 1:07 CV-00474 LJO-DLB<br><br>[**Hon. Dennis L. Beck**]<br><br>**DISCOVERY MATTER**<br><br>**STIPULATED PROTECTIVE ORDER** |

## RECITALS

1. WHEREAS Plaintiffs have requested portions of the Kern County computerized inmate management database in discovery;

2. WHEREAS the parties agree that discovery of the Kern County computerized inmate management database is relevant to this action;

3. WHEREAS Defendants are concerned that turning over the database without a protective order could result in the violation of the privacy rights of inmates whose names and other personal information are contained in the database;

4. WHEREAS the parties agree that a Stipulated Protective Order is necessary to balance Plaintiffs' need for relevant discovery, Defendants' duties as steward of the database, and the privacy rights of current inmates and former inmates.

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1. In connection with discovery proceedings in this action, the parties designate the Kern County computerized inmate management database as CONFIDENTIAL.

2. By designating the above matter as CONFIDENTIAL, the parties certify to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(c).

3. Material designated as CONFIDENTIAL under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose.

4. CONFIDENTIAL material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the

paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a)    a named party, to which only CONFIDENTIAL material specifically related to the named party shall be disclosed;

    (b)    experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

    (c)    court reporter(s) employed in this action;

    (d)    a witness at any deposition or other proceeding in this action; and

    (e)    any other person as to whom the parties in writing agree.

Prior to receiving any CONFIDENTIAL material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

5. For purposes of Defendants' initial responses to Plaintiffs' production request, the parties agree that Defendants may exclude from the database the names, addresses, telephone numbers and other personal contact information of any inmate, provided the following:

    (a)    To the extent it does not already exist in the database, Defendants assign a unique identifier to each inmate;

    (b)    To the extent it does not already exist in the database, Defendants provide a method for linking the unique inmate identifier to all other data contained in the database, e.g., housing location, booking event, court appearances, and release information.

6. The agreement to redact inmate personal information as listed in paragraph 5, above, shall be in effect until a class or classes is certified, or until such time as the parties have a dispute regarding a factual issue where Plaintiffs' counsel deems it necessary to contact putative class members to resolve the issue. In the event of a disputed factual issue, and Plaintiffs deem it necessary to discover the identities and personal contact information of inmates in the database, Plaintiffs' counsel will notify Defendants' counsel of their intent in writing to seek such personal information. If after five (5) days the parties are unable to reach agreement on production of inmate personal information, then Plaintiffs may make an application to the Court for an order to resolve the dispute.

7. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action.

8. In the event that any CONFIDENTIAL material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use, including but not limited to filing such material under seal and labeling the material "CONFIDENTIAL – Subject to Court Order".

9. This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (b) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

10. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

11. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

DATED: October 26, 2007        Litt, Estuar, Harrison & Kitson, LLP

                               By:_____/s/_____
                                  Paul J. Estuar
                                  Attorneys for Plaintiffs


DATED:  October 26, 2007       B.C. Barmann, Sr., County Counsel

                               By:_____/s/_____
                                  Jennifer L. Thurston, Deputy
                                  Attorneys for Defendants

5

1
**APPROVED AND  IT IS SO ORDERED.**

2
DATE: October 31, 2007_____

3

4
                                                By:____/s/ *Dennis L. Beck*_____

5
                                                United States Magistrate Judge
                                                Dennis L. Beck

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attachment "A"

<u>NONDISCLOSURE AGREEMENT</u>

I, _____ do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in Lopez v. Youngblood, et al., United States District Court for the Eastern District of California, Civil Action No. 1:07 CV-00474 LJO-DLB and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: _____

_____<br>SIGNATURE