# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARSIAL LOPEZ, et al., | ) | 1:07cv0474 DLB |
| | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S MOTION |
| | ) | FOR LEAVE TO FILE SECOND AMENDED |
| Plaintiffs, | ) | COMPLAINT |
| | ) | (Document 71) |
| v. | ) | |
| | ) | |
| DONNY YOUNGBLOOD, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On November 12, 2008, Plaintiffs filed the instant joint motion for leave to file a second amended complaint. The matter was heard on December 19, 2008, before the Honorable Dennis L. Beck, United States Magistrate Judge. Barrett Litt and Donald Cook appeared on behalf of Plaintiffs. Jennifer Thurston and Terence Cassidy appeared on behalf of Defendants Kern County, the Kern County Sheriff's Office, Sheriff Donny Youngblood (individually and in his official capacity) and Former Sheriff Mack Wimbish (individually) ("Defendants").

**BACKGROUND**

Plaintiff Marsial Lopez, individually and as class representative, filed the instant civil rights action on March 27, 2007. On June 21, 2007, Plaintiffs Marsial Lopez, Sandra Chavez, and Theodore Medina, individually and as class representatives, filed a First Amended Complaint ("FAC") against Kern County, the Kern County Sheriff's Department, Kern County Sheriff Donny Youngblood (officially and individually) and former Kern County Sheriff Mack

1

Wimbish (individually).  Plaintiffs seek injunctive relief and damages resulting from the strip and/or visual body cavity searches of prisoners by the Kern County Sheriff's Department.

The FAC contains six causes of action:  (1) damages pursuant to 42 U.S.C. § 1983 premised on unreasonable searches and seizures in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution; (2) damages pursuant to 42 U.S.C. § 1983 premised on violation Fourteenth Amendment equal protection guarantees; (3) violation of their equal protection rights pursuant to Article I, § 7 of the California Constitution and unreasonable search and seizure in violation of Article I, § 13 of the California Constitution; (4) damages pursuant to California Civil Code § 52.1(b) and § 52(b) premised on violations of their rights under the Fourth, Eighth and Fourteenth Amendments, Article I, §§ 1, 7, 13 and 17 of the California Constitution, and California Penal Code § 4030; (5) violation of California Penal Code § 4030; and (6) violation of mandatory duties under California Government Code § 815.6.

On November 12, 2008, Plaintiffs filed the instant motion for leave to file a second amended complaint.[1]  Plaintiffs seek to add a seventh cause of action under Article I, §1 of the California Constitution for violations of their privacy rights.  Plaintiffs argue that the proposed cause of action was "mistakenly omitted" from the original complaint.

Defendants filed a joint opposition on December 2, 2008.  Plaintiffs filed a reply on December 5, 2008.

### DISCUSSION

Federal Rule of Civil Procedure Rule 15(a) provides that the court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

---

[1] Plaintiffs' motion for partial summary judgment, Defendants' two joint motions for summary adjudication, Plaintiffs' motion to certify the class and Plaintiffs' motion to strike also are pending before the Court.

2

Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984). Leave to amend rests in the sound discretion of the trial court. Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996). Despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

      Defendants object to the proposed amendment on two grounds: (1) prejudice and (2) futility. To demonstrate prejudice, Defendants point out that the instant motion follows the filing of dispositive motions. Defendants contend that Plaintiffs attempted to assert this new claim in their Opposition to Defendants first motion for summary adjudication regarding strip searches. Defendants noted this impropriety in their reply of October 3, 2008. Defendants then filed a second summary adjudication motion on November 7, 2008, regarding qualified immunity, Eleventh Amendment immunity and court returnees. Defendants argue that Plaintiffs did not seek to amend their complaint until November 12, 2008, "some six weeks after Defendants first called attention to their omission and after two dispositive motions were filed." (Defs.' Joint Opp. to Plaintiffs' Mot. to Amend Complaint 2).

      Defendants argue that the delay and related expense constitute prejudice, citing Ansam Assocs., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985) and Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999). Defendants citations are not instructive. In Ansam, the court upheld the denial of leave to amend due to prejudice associated with the close of discovery and the filing of a motion for summary judgment. However, the proposed claims in Ansam involved an entirely new set of operative facts, a different period of time and a different statute from the operative pleading. Id. at 446. Here, Plaintiffs propose to add a claim regarding the right to privacy under the California Constitution. This claim does not involve a new set of facts, a different time period or even a different statute from the operative pleading. For instance, Plaintiffs partially base their fourth cause of action under Civil Code § 52.1(b) on an underlying violation of Article I, § 1 of the California Constitution. FAC, at ¶ 50.

The instant case also differs from Campbell. In that case, the court found prejudice and undue delay inherent in an amendment asserted after the close of discovery and after dispositive motions were filed, briefed, and decided. Campbell, 166 F.3d at 1162. The motions for leave to amend in Campbell were filed more than one year after discovery had ended, after dispositive motions had been filed, between five-and-six years after the lawsuits had begun and after the plaintiff had been twice granted leave to amend. In this case, the dispositive motions have not been decided, this case has been pending for two years and Plaintiffs have not requested leave to amend at any other time.

Defendants further contend that the original complaint did not "reasonably" place them on notice that Plaintiffs intended to assert an independent § 1 claim. Although Defendants objected to the assertion of the section 1 claim in Plaintiffs' cross-motion for summary judgment, Defendants responded to it in their opposition to Plaintiffs' cross-motion. (Doc. 75). Defendants argued, in part, that just as Plaintiffs' Fourth Amendment claim must fail, their Section 1 claim must fail because the right of privacy established by Section 1 is not a broader protection than that provided under the Fourth Amendment. (Defs.' Opp. Cross-Mot. Sum. Adjud. 18.)

Several courts have indicated that in the search and seizure context, the Article I, § 1 privacy clause of the California Constitution has not been held to establish a broader protection than that provided by the Fourth Amendment of the United States Constitution. See, e.g., Quon v. Arch Wireless Operating Co., Inc., 529 F.3d 892, 903 (9th Cir. 2008) (the privacy protected by Article I, Section 1 of the California Constitution is no broader in the area of search and seizure than the privacy protected by the Fourth Amendment) (quoting Hill v. Nat'l Collegiate Ath. Ass'n, 7 Cal.4th 1, 30 n.9 (1994)), reh'g denied, 554 F.3d 769 (2009); Sanchez v. County of San Diego, 464 F.3d 916, 943 (9th Cir. 2006) (in search and seizure context, the Article I, Section 1, privacy clause of the California Constitution has never been held to establish a broader protection than that provided by the Fourth Amendment). Accordingly, the Court finds no prejudice to the proposed amendment as Defendants fully briefed their contentions under the Fourth Amendment.

1     Insofar as Defendants argue that the proposed amendment is futile because of the reasonable nature of the searches at issue, the Court defers such determination until resolution of the pending summary judgment motions.

    Based on the above, Plaintiffs' motion for leave to file a second amended complaint is GRANTED.

    IT IS SO ORDERED.

    **Dated:**   **March 31, 2009**                **/s/ Dennis L. Beck**
                                                            UNITED STATES MAGISTRATE JUDGE