# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARSIAL LOPEZ, et al., | ) | 1:07cv0474 DLB |
| | ) | |
| | ) | |
| | ) | ORDER REGARDING MOTION FOR ENTRY |
| | ) | OF JUDGMENT ON SPECIFIED CLAIMS |
| Plaintiffs, | ) | AND CERTIFICATION OF CLAIMS FOR |
| | ) | APPEAL |
| v. | ) | |
| | ) | |
| DONNY YOUNGBLOOD, et al., | ) | (Document 94) |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On April 28, 2009, Defendants County of Kern, Kern County Sheriff's Office, Donny Youngblood and Mack Wimbish filed the instant motion for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b). The matter was heard on June 26, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Barrett Litt and Paul Estuar appeared telephonically on behalf of Plaintiffs. Jennifer Thurston and Terence Cassidy appeared on behalf of Defendants.

## **BACKGROUND**

Plaintiff Marsial Lopez, individually and as class representative, filed the instant civil rights action on March 27, 2007. On June 21, 2007, Plaintiffs Marsial Lopez, Sandra Chavez, and Theodore Medina, individually and as class representatives, filed a First Amended Complaint ("FAC") against Kern County, the Kern County Sheriff's Department, Kern County Sheriff Donny Youngblood (officially and individually) and former Kern County Sheriff Mack

1

1  Wimbish (individually).  Plaintiffs seek injunctive relief and damages resulting from the strip
2  and/or visual body cavity searches of prisoners by the Kern County Sheriff's Department.
3        The FAC contains six causes of action:  (1) damages pursuant to 42 U.S.C. § 1983
4  premised on unreasonable searches and seizures in violation of the Fourth and Fourteenth
5  Amendments of the U.S. Constitution; (2) damages pursuant to 42 U.S.C. § 1983 premised on
6  violation Fourteenth Amendment equal protection guarantees; (3) violation of their equal
7  protection rights pursuant to Article I, § 7 of the California Constitution and unreasonable search
8  and seizure in violation of Article I, § 13 of the California Constitution; (4) damages pursuant to
9  California Civil Code § 52.1(b) and § 52(b) premised on violations of their rights under the
10 Fourth, Eighth and Fourteenth Amendments, Article I, §§ 1, 7, 13 and 17 of the California
11 Constitution, and California Penal Code § 4030; (5) violation of California Penal Code § 4030;
12 and (6) violation of mandatory duties under California Government Code § 815.6.
13       On March 31, 2009, the Court issued an order on the parties' cross motions for summary
14 judgment.  In its Order, the Court: (1) granted Plaintiffs summary judgment/adjudication as to
15 KCSO's policy of group strip searching prisoners in violation of the Fourth Amendment; (2)
16 granted Plaintiffs summary judgment/summary adjudication as to KCSO's policy of strip
17 searching persons ordered released from custody in violation of the Fourth Amendment; (3)
18 granted Plaintiffs' motion for partial summary judgment/summary adjudication regarding
19 violation of California Constitution, Article I, Section 1; (4) denied without prejudice
20 Defendants' motion for summary adjudication regarding Plaintiffs' state law claims pursuant to
21 California Civil Code section 52.1; (5) granted Defendants' motion for summary adjudication
22 that Defendants Youngblood and Wimbish are entitled to qualified immunity regarding
23 Plaintiffs' Fourth Amendment claims specific to group strip searches; (6) denied Defendants'
24 motion for summary adjudication that Defendants Youngblood and Wimbish are entitled to
25 qualified immunity regarding the searches of detainees upon return from court appearances after
26 they were ordered released; (7) denied Defendants' motion for summary adjudication against
27 Plaintiffs' causes of action for § 1983 claims on the ground that the Sheriffs are state actors and
28

are entitled to Eleventh Amendment immunity; and (8) denied Defendants' motion for summary adjudication as to § 1983 claims asserted against the County.

On April 1, 2009, the Court also granted Plaintiffs' motion for class certification. The Court certified the following classes:

> Post-Release Class: Persons who, from March 27, 2005, up to October 1, 2007, or the time of judgment or settlement of the case: (a) were in KCSD custody; (b) were taken from jail to court; (c) became entitled to release after going to court; and (d) were strip and/or vbc searched before release pursuant to KCSD's blanket policy, practice and/or custom to strip/vbc search all court returns, including those entitled to release.

> Group Strip Search Class: Persons who, from March 27, 2005, up to October 1, 2007, or the time of judgment or settlement of the case: (a) were in KCSD custody; (b) were subjected to a strip and/or vbc search in a group with other inmates also being strip/vbc searched, which search did not afford privacy from others; and (c) whose strip searches were conducted pursuant to KCSD's blanket policy, practice and/or custom to regularly conduct strip/vbc searches in a group setting.

On April 28, 2009, Defendants Sheriff Donny Youngblood and former Sheriff Mack Wimbish filed a notice of appeal as to the Court's determination that they were not entitled Eleventh Amendment immunity as to Plaintiffs' section 1983 claims. The appeal was processed to the Ninth Circuit on May 13, 2009, and has been assigned USCA Case Number 09-16006.

On April 28, 2009, Defendants County of Kern, Kern County Sheriff's Office, Donny Youngblood and Mack Wimbish also filed the instant motion for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b). Defendants move the Court to certify the following issues for immediate appeal: (1) whether the County of Kern may be held liable under 42 U.S.C. § 1983 for the policies of the Sheriff as they relate to operation of the jail; (2) whether strip searching inmates in groups violated the Fourth Amendment to the United States Constitution; (3) whether strip searching inmates in groups violated Section 1 of the California Constitution; and (4) whether strip searching inmates in groups forms an underlying basis for liability under California Civil Code section 52.1. Defendants applied for a stay as to the remaining issues. Defendants supported their motion with the declaration of counsel, Jennifer Thurston.

Plaintiffs filed their opposition to the motion on May 15, 2009, along with the declaration of counsel, Barrett Litt.

Defendants filed a reply on May 22, 2009. On that same date, Defendants filed a motion for certification of issues for immediate interlocutory review pursuant to 28 U.S.C. § 1292, for amendment of the Court's March 31, 2008, order and for a stay pending appeal. Similar to the Rule 54(b) motion, the motion for interlocutory review includes, but is not limited to the issue of the constitutionality of group strip searches of post-arraignment detainees and inmates under the Fourth Amendment and the issue of the County's status as a potentially improper party based on Eleventh Amendment immunity of the Sheriff defendants. The interlocutory review motion was heard on the same day as the instant motion.

## DISCUSSION

A.  Legal Standard

Rule 54(b) of the Federal Rules of Civil Procedure allows for the entry of final judgment with respect to less than all parties or claims in an action if the court makes "an express determination that there is no just reason for delay" and expressly directs "entry of judgment." Fed. R. Civ. P. 54(b).[1] In making a determination under Rule 54(b), the court must first determine that it is dealing with a final judgment, which means a decision that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980); Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956). Second, the court must determine whether there is any just reason for delay. Curtiss-Wright Corp., 446 U.S. at 7. In sum, Rule 54(b) requires the presence of three conditions: (1) multiple claims or multiple parties; (2) at least one claim or the rights and liabilities of one party have been finally decided; and (3) there is no just reason for any delay in entering judgment and allowing an appeal. See 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2656 (1998).

---

[1] Fed. R. Civ. P. 54(b) states: "When an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

B.  Analysis

    1.  Final Determination

Defendant County requests entry of judgment on the following: (1) the County's section 1983 liability for the policies or customs of KCSO; and (2) the Court's determination that searching inmates in groups is unconstitutional, including liability under the Fourth Amendment, Article I, Section 1 of the California Constitution and California Civil Code section 52.1. Defendants contend that the Court has made final determinations on these "claims."

Plaintiffs counter that Defendants' basis for an appeal falls short because, despite a liability determination, there has been no damages determination. As noted by Plaintiffs, the Ninth Circuit has held that "a judgment is not final as to one entire claim under 28 U.S.C. § 1291, or under F.R.Civ.P. 54(b) if it decides only liability and leaves open the question of relief." Wolf v. Banco Nacional de Mexico, S.A., 721 F.2d 660, 662 (9th Cir. 1983) (an appeal did not lie under Rule 54(b) where the judgment addressed liability on one claim but did not address any requested damages or attorney's fees); cf. Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 744 (1976) (discussing § 1291 and indicating no finality where assessment of damages or awarding of other relief remains to be resolved); Hain Pure Food Co., Inc. v. Sona Food Products Co., 618 F.2d 521, 522 (9th Cir. 1980) (discussing § 1292 and concluding that the determination of liability alone is not a final judgment); United States v. Southern Pac. Transp. Co., 543 F.2d 676, 681 n. 5 (9th Cir. 1976) (district court decided only the issue of liability, without deciding what relief would be appropriate, and therefore the judgment was not final as to one entire claim and not appealable under § 1291).

As to the issues identified by the Defendants for entry of judgment, the Court has ruled on the County's section 1983 liability and the unconstitutional nature of the group strip searches, without deciding what relief and/or damages would be appropriate. Defendants have not adequately addressed the absence of a damages ruling in their papers.[2] At oral argument,

---

[2] Defendant County objected to the lateness of Plaintiffs' opposition, noting it was due on May 12, 2009, but was not filed and served electronically until May 15, 2009. Based on the original hearing date of May 29, 2009, Plaintiffs' opposition was late pursuant to the Local Rules. Local Rule 78-230(c) requires either personal service 14 days before the hearing or electronic service 17 days before the hearing. However, Defendants were able to file a

Defendants acknowledged that entry of judgment would place these issues in an unusual posture on appeal where there has been no ruling on damages. Absent a damage determination or resolution as to relief, the Court finds that judgment is not final as to one entire claim and therefore not appropriate for entry of judgment pursuant to Rule 54(b).

### 2. No Just Reason to Delay Appeal

Defendants cite General Acquisition, Inc. v. GenCorp, Inc., 23 F.3d 1022, 1030 (6th Cir. 1994), which lists factors to consider when making a Rule 54(b) determination regarding a just reason for delay. In that case, the court noted that "[n]o precise test exists for determining whether there is a just reason to delay," but articulated factors for consideration to include:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

Id. at 1030.

Applying the General Acquisition factors, Defendants submit the declaration of counsel and aver that (1) there is no factual or legal relationship between the matters not decided by the Court or the issue of strip searching court "releasees" and those issues sought to be appealed; (2) no development in the trial court (outside of *sua sponte* reversal by the Court) will moot the need for appellate review of the identified issues; (3) decisions on the appealed issues could streamline the trial on the remaining issues, e.g., an appellate determination that the Sheriff acted for the state, not the County, would preclude further litigation or a determination that group strip searches were lawful would cut the lawsuit in half and reduce prospective class members to a "mere fraction"; (4) the trial could be greatly shortened if the County is successful because of the reduced number of plaintiffs and issues; (5) the Court's time and the parties' time would be reduced and economic resources preserved, including the need for notifying prospective class members; (6) the matter is

---

reply to the opposition on May 22, 2009, and have not demonstrated any prejudice resulting from the late-filed opposition. On May 26, 2009, the Court rescheduled the original hearing date to coincide with the hearing on Defendants' motion pursuant to 28 U.S.C. § 1292(b).

being appealed by Youngblood and Wimbish as of right so there is little justification for failing to obtain appellate review as to all ripe issues; and (7) the issues are distinct from those not appealed and the Court of Appeals would not decide the same issue more than once. Thurston Decl., ¶¶ 4, 7-8, 10-11.

In their briefing, Defendants miscite General Acquisition as a Ninth Circuit case, and contend that the Court should apply these five factors. General Acquisition is a case from the Sixth Circuit and is not binding. At a minimum, however, the Court "must take into account judicial administrative interests as well as the equities involved," including such factors "as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Curtiss-Wright Corp., 446 U.S. at 8 (noting that one factor may be offset by another).

Plaintiffs counter that if Defendants appeal the post-release liability determination in the future, granting a Rule 54(b) judgment "would result in piecemeal appeals involving the same basic set of facts." Opposition, p. 7. Plaintiffs contend that the asserted justifications for strip searching persons post-release, which is not the subject of the instant motion, are the same as those asserted for group strip searches and, thus, the Court of Appeals would have to review the same evidence more than once. A similarity of legal or factual issues weigh heavily against entry of judgment under Rule 54(b) and such an order "will be proper only where necessary to avoid a harsh and unjust result." Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981). Although Defendants argue that there is no factual similarity between the group search class and the post-release strip search class, the Court notes that there is an overlap in asserted justifications for the group searches and the post-release searches, which weighs against entry of judgment.

**CONCLUSION**

Based on the above, Defendants' motion for entry of judgment on specified claims and certification of claims for appeal pursuant to Fed. R. Civ. P. 54(b) is DENIED. As the Court has

declined to enter judgment pursuant to Fed. R. Civ. P. 54 (b), the corresponding application for stay also is DENIED.

IT IS SO ORDERED.

   Dated:    **June 30, 2009**              **/s/ Dennis L. Beck**
3b142a                                                      UNITED STATES MAGISTRATE JUDGE