Barrett S. Litt, SBN 45527
Paul J. Estuar, SBN 167764
E-Mail: pestuar@littlaw.com
LITT, ESTUAR & KITSON, LLP
1055 Wilshire Boulevard, Suite 1880
Los Angeles, California 90017
Telephone: (213) 386-3114
Facsimile: (213) 380-4585

Robert Mann, SBN 48293
Donald W. Cook, SBN 116666
E-Mail: doncook@earthlink.net
Attorneys at Law
3435 Wilshire Boulevard, Suite 2900
Los Angeles, California 90010
Telephone: (213) 252-9444
Facsimile: (213) 252-0091

Attorneys for Plaintiffs

PORTER SCOTT
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 99180
Kristina M. Hall, SBN 196794
350 University Avenue, Suite 200
Sacramento, California 95825
Telephone: (916) 929-1481
Facsimile: (916) 927-3706

Attorneys for Def. COUNTY OF KERN

Mark L. Nations, Chief Deputy, SBN 101838
Office of the County Counsel
1115 Truxtun Avenue, Fourth Floor
Bakersfield, California 93301
Telephone: (661) 868-3800
Facsimile: (661) 868-3805

Attorneys for Defendants COUNTY OF KERN, its agency the KERN COUNTY SHERIFF'S OFFICE, DONNY YOUNGBLOOD and MACK WIMBISH

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARSIAL LOPEZ, SANDRA CHAVEZ, THEODORE MEDINA, each individually, and as class representatives,<br><br>Plaintiffs,<br>vs.<br><br>SHERIFF DONNY YOUNGBLOOD, et al.,<br><br>Defendants. | Case No. CV-F-07-0474 DLB<br><br>[Hon. Dennis L. Beck]<br><br>**PRELIMINARY APPROVAL ORDER**<br><br>Date:        August 26, 2011<br>Time:        9:30 A.M.<br>Courtroom:   9 |

{00868293.DOC}
1

AMENDED PRELIMINARY APPROVAL ORDER

Upon review and consideration of the Settlement Agreement (a copy of which is attached to this Order as Exhibit A) and the exhibits attached thereto (the "Settlement Agreement") made and entered into on January 26, 2011, between the Named Plaintiffs in the above-captioned action (the "Class Representatives"), individually and as representatives of the classes certified in this case, and the Defendants, County of Kern et al.,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

## I.   PRELIMINARY APPROVAL OF SETTLEMENT

1.   This Order incorporates by reference the definitions in the Settlement Agreement (Exhibit A), and also incorporates Exhibits B through D, thereto. All terms defined therein shall have the same meaning in this Order. The Court has jurisdiction over this settlement pursuant to the Order of Conditional Dismissal from the Ninth Circuit attached as Exhibit E.

2.   The Settlement Agreement is hereby preliminarily approved, subject to further consideration thereof, and final approval, at or after the Fairness Hearing provided for below. The Court finds that Defendants' proposed payment of the following amounts (each of which is in addition to the other) are within the range of what would constitute a fair, reasonable, and adequate settlement in the best interests of the Class as a whole:

(a) A person who was subjected for the first time during the class period (between March 27, 2005, and October 1, 2007) to a Kern County strip search after a Court ordered him or her to be released from all pending charges, and the person was in fact entitled to immediate release based on that order, will receive a payment of $1500 (subject to certain possible adjustments described below in ¶ 2(d)).

(b) A person who was subjected for a second time during the class period (between March 27, 2005, and October 1, 2007) to a Kern County

strip search after a Court ordered him or her to be released from all pending charges, and the person was in fact entitled to immediate release based on that order, will receive a payment of $750 in addition to the $1500 for the first strip search (again subject to certain possible adjustments described below in ¶ 2(d)). No additional payments will be made to persons subjected to more than two such searches.

(c) A person who was strip searched in a group while in Kern County custody will receive a one time only payment (regardless of the number of times the person was strip searched in a group) of $200 (subject to certain possible adjustments described below in ¶ 2(d)).

(d) Notwithstanding the amounts set forth above to be paid to each class member, the parties have agreed to a maximum payout for each class, the amount of which was derived from their joint estimate that claims are unlikely to exceed approximately 28% of the class members (and, based on past experience, will likely be meaningfully lower than that). Accordingly, the amounts to be paid Class Members (not including class representatives) will be adjusted if the amount to be awarded eligible Class Members in either the Post-Release or Group Strip Search who make claims exceeds the total amount to be paid to that Class. In that event, the amount that members of that class receive will be adjusted on a pro-rated basis, which would result in payment to individual Class Members of amounts lower than those set forth above. The total amount paid to Post-Release Class Members is capped at $2,335,830.00, and if claims exceed that, they will be adjusted on a pro-rated basis so that the total payment to such Post-Release Class Members (first and second time combined) will not exceed that total. The amount paid to Group Strip Search Class

{00868293.DOC}
3

AMENDED PRELIMINARY APPROVAL ORDER

       Members is capped at $2,016,000.00, and if claims exceed that, they will be adjusted on a pro-rated basis so that the total payment to such Group Strip Search Class Members will not exceed that total.

   (e) Class administration costs.

   (f) $2,000,000 in attorneys' fees and costs, plus class counsel costs not to exceed $65,000.

   (g) $30,000 damages award to each Named Plaintiff, of whom there are three.

3.    The Court approves the publication of summary class notice, as set forth in the Settlement Agreement.

4.    Defendants shall pay the Class Administrator all sums necessary to effectuate the terms of the Settlement Agreement and this Order, as set forth in the Settlement Agreement.

5.    The Court preliminarily concludes that the terms of the Settlement Agreement satisfy the Federal Rules of Civil Procedure 23(e) and due process requirements.

## II.    DEADLINES FOR NOTICE, FILING OBJECTIONS AND OPT-OUTS, AND DATE OF FAIRNESS HEARING

6.    The Court has set the following dates for purposes of this class action:

   (a) Final class identifying information has already been provided to the class administrator in computerized form by the Defendants or will be within ten (10) days of the date of this Order;

   (b) Mailing Class and Settlement Notice, and Claim Forms, to Class Members, as defined in the Settlement Agreement (Exhibit A), to be completed within two consecutive business days from start to finish. The first such mailing must be postmarked by March 14, 2011, and the last such mailing must be postmarked within one business day

    thereafter;

  (c) Publication of summary notice as provided in the Settlement Agreement (Exhibit A): effected by April 4, 2011;

  (d) Filing of Plaintiffs' Motion for Award of Attorneys' Fees and Costs: Must be filed by May 9, 2011;

  (e) Filing of Class Members' Objections to any aspect of the Settlement (including Plaintiffs' Motion for Approval of Settlement of Attorneys' Fees and Costs): Must be filed by June 13, 2011;

  (f) Deadline to opt-out: Must be postmarked or received by July 13, 2011;

  (g) Deadline for filing class claims: Must be postmarked or received by July 13, 2011;

  (h) Filing of Opposition or Reply to Objections (including to objections to award of attorneys' fees and costs): Must be filed by July 13, 2011; and

  (i) Final Approval Hearing: August 26, 2011.

7. In the event that the class notice is not mailed and initially published within the time specified herein, the subsequent dates contained herein will be deferred for the number of additional days before such notice occurs without the need for additional court approval. However, the Court must approve any change of the date of the Final Approval Hearing.

## III. CERTIFICATION OF CLASS AND STRIP SEARCH CLASS

8. The Court has previously certified Strip Search Classes under Fed. R. Civ. P. 23(b)(3). This is a class action, certified under Fed. R. Civ. P. 23(b)(3) for damages and monetary relief. Class Members have a right to opt out of the settlement. The Court hereby reaffirms the class definition as set forth in the Class Certification Order of April 1, 2009, and reiterated in the Settlement Agreement

attached as Exhibit A, including the class period of March 27, 2005, to October 1, 2007.

9.  The Court reaffirms that all the criteria of Fed. R. Civ. P. 23(a) and (b)(3) are met for all the classes being settled herein. Specifically, the Court finds that all the criteria of Rule 23(a) are met, to wit, 1) that the class is so numerous that joinder of all members individually is impracticable, 2) that there are questions of law or fact common to the class, 3) that Plaintiffs' claims are typical of the claims of Class Members, and 4) that the persons representing the class must be able fairly and adequately to protect the interests of all members of the class. The Court further finds, pursuant to the provisions of Rule 23(b)(3) that 1) the common factual and legal issues predominate over any such issues that affect only individual Class Members, and 2) that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further concludes that nothing in the parties' settlement alters, but rather, if anything, reinforces, the prior conclusions it reached regarding the desirability of the class action mechanism as a means of resolving the claims in this case.

10.  Pursuant to the terms of the settlement agreement, if the total number of Opt-Outs exceeds 25, Defendants, in their sole discretion, may rescind their acceptance of the Settlement Agreement.  Defendants, in exercising this right of rescission, shall provide the Administrator and Class Counsel with written notice of rescission within 20 days after receipt of the Administrator's report providing the total number of Opt-Outs.  In the event Defendants exercise their right of rescission in accordance with this paragraph, any funds paid or deposited pursuant to this Settlement Agreement shall be returned to Defendants within 10 days of the exercise of the right to rescind, less any expenses, fees and costs incurred by the Administrator.

11. For purposes of settlement, the parties have determined Class Members from the County's records and reached agreement regarding who belongs in the class for purposes of this settlement. Only persons who have been jointly identified by the parties through this process qualify as Class Members for purposes of this settlement. The process has entailed reaching agreement on the computer programming logic to be applied to the Defendants' data to determine who fits the class definitions, and who are qualifies as Class Members. Anyone not so identified is not a member of the class. If a person is not so identified, he or she has the right to pursue his or her own claim should s/he so choose. Such persons are not considered opt-outs for they were never members of the classes certified herein.

12. Defendants' stipulations are for purposes of settlement only, and if this Settlement is not finally approved or does not become effective for any reason, Defendants retain their right to contend that persons agreed on as Class Members for this settlement are not in fact Class Members.

## IV.    NAMED PLAINTIFFS/CLASS REPRESENTATIVES

13. The class representatives are Marsial Lopez, Sandra Chavez, and Theodore Medina.

## V.    CLASS ADMINISTRATOR

14. The Court approves the retention of Gilardi & Co., LLC as Class Administrator to administer the distribution of the Class and Settlement Notice, and publication of the Class and Settlement Notice, and to distribute the proceeds of the settlement to all eligible Class Members pursuant to the terms set forth in the Settlement Agreement (Exhibit A) and the Final Order of Approval and Settlement (Exhibit D) should the Court grant final approval. Gilardi was chosen by defense counsel pursuant to agreement between the parties preliminary to the finalization of the Settlement Agreement, under which Defendants would choose a

1  reputable, experienced Third Party Administrator who is in the business of class
2  administration. Plaintiffs agree that Gilardi meets this standard.

3      15.    The Class Administrator's responsibilities shall include mailing notice
4  to identified and possible Class Members, publishing notice, processing claims
5  and otherwise engaging in the activities needed to administer the class claims. The
6  specific duties of the Class Administrator between this Preliminary Approval
7  Order and the Final Approval Order are set forth in ¶¶ 31-48 of the Settlement
8  Agreement (Ex. A), the provisions of which are incorporated herein and approved.

    16.    The Class Administrator shall be compensated by Defendants for its services, and any costs associated with them, in connection with notice and administration and for the costs of giving mailed and published notice, pursuant to such orders as the Court may enter from time to time, including this one. Such payment shall be separate from the payment of Named Plaintiffs awards (see ¶ 2(g) *supra*), attorneys' fees and costs (see ¶ 2(f) *supra*), and payments to Class Members who file claims that are accepted (see ¶¶ 2(a), (b), (c) and (d) *supra*).

## VI.    SPECIAL MASTER

    17.    The Special Master referred to in the Settlement Agreement shall be retired United States District Judge Raul A. Ramirez.

## VII.    CLASS COUNSEL

    18.    Barrett S. Litt and Paul J. Estuar are hereby confirmed as counsel for the Class Representatives and the Class ("Class Counsel").

    19.    Class Counsel are authorized to act on behalf of the Class with respect to all acts or consents required by or which may be given pursuant to the Settlement, and such other acts reasonably necessary to consummate the Settlement.

    20.    At the Fairness Hearing, Class Counsel shall make an application for approval of Class Fund Attorneys' Fees in the amount of $2,000,000 plus costs not

{00868293.DOC}
8

AMENDED PRELIMINARY APPROVAL ORDER

to exceed $65,000.

## VIII. CLASS AND SETTLEMENT NOTICE

21. The parties shall provide the Class and Settlement Notice, and the Claim Form, to the Class Administrator for distribution according to the schedule set forth above. The Class Administrator shall additionally cause publication in the form of a modified and shortened form of the Class Notice, in the publications set forth in ¶ 35 of the Settlement Agreement (Ex. A) and on the schedule set forth above.

22. Defendants will provide the name, address, social security number, date of birth, driver's license information, and any other identifying information, of Class Members to the Class Administrator in computerized form, to facilitate locating them. Such information shall be confidential, and may not be disclosed to anyone except counsel of record, the Class Administrator, and designated representatives of Defendants. Should the Defendants discover at any time any additional information containing relevant class information, they shall promptly provide it to the Class Administrator.

23. Provision of the data specified in ¶ 22 is determined by the Court to be necessary to identify and notify Class Members. Accordingly, the provision of such data is the product of this court order, is absolutely privileged and cannot be the basis of any lawsuit, for privacy breach or otherwise, under any federal or state cause of action, in any federal or state court.

24. Defendants shall provide the Class Administrator the electronic data specified in ¶ 22 within ten (10) business days of the signing of this Preliminary Approval Order to the extent it has not already been so provided.

25. At least 10 days before the Fairness Hearing, the Class Administrator shall serve and file a sworn statement attesting to compliance with the provisions of this Order governing Class and Settlement Notice. This shall include a list of all

people who have opted out of the class.

26. The Court approves the Class and Settlement Notice so long as it is materially similar to the proposed form attached as Exhibit C.

27. The Court approves the Claim Form so long as it is materially similar to the proposed form attached as Exhibit B.

28. The Court finds that the notice required by the foregoing provisions of this Order is the best notice practicable under the circumstances and shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all Class Members and other persons affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

## IX. THE FAIRNESS HEARING

29. A Fairness Hearing shall be held on August 26, 2011, to consider: (a) the fairness, reasonableness, and adequacy of the Settlement; (b) whether the Final Order of Approval and Settlement, attached as Exhibit D, should be entered in its current or some modified form; and (c) the application by Class Counsel for approval of the settlement of attorneys' fees and costs (the "Fee Motion").

30. The date and time of the Fairness Hearing shall be set forth in the Class and Settlement Notice, but shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted at the Court and on the Court's web site, and on the Class Administrator's website.

31. Any Class Member who objects to any aspect of the settlement, including any aspect of the attorneys' fee award, and has filed a timely objection (i.e., by June 13, 2011), may appear at the Fairness Hearing and show cause why the Settlement Agreement, the Fee Settlement, the Named Plaintiffs' Distribution or the schedule of recovery for the Class Members should not be approved as fair, reasonable, and adequate, and why the Final Order of Approval and Settlement

should not be entered, except that no such Class Member may appear at the Fairness Hearing unless the Class Member, no later than July 27, 2011, (a) has filed with the Clerk of the Court a notice of such person's intention to appear, a statement that indicates the basis and grounds for such person's objection, and all documentation, papers, or briefs in support of such objection; and (b) by the same date, has served upon all Counsel to the Parties (as listed in the Notice of Proposed Settlement), either in person or by mail, copies of such notice of intention to appear, statement of objections and all documentation, papers, or briefs that such person files with the Court. The required documentation shall include information demonstrating that the objector is a Class Member, including name, address, date of arrest to the extent known, date of birth, Driver's License number and Social Security number. Final determination of whether any such objector is a class member who has standing to object shall be determined solely from the Defendants' records, from which the list of Class Members has been compiled. In the absence of the timely filing and timely service of the notice of intention to appear and all other materials required by this paragraph, any objection shall be deemed untimely and denied.

32. Pending final approval of the Settlement Agreement, no Class Member shall, either directly, representatively, or in any other capacity, commence, prosecute against any Defendant or participate in any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released by the Settlement Agreement upon final approval.

33. In the event of final approval of the Settlement Agreement, all Class Members (except those who have opted out) shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released by the Settlement Agreement, and all such Class Members shall be deemed to have forever released any and all such matters, claims and causes of action as provided

{00868293.DOC}
11

AMENDED PRELIMINARY APPROVAL ORDER

for in the Settlement Agreement.

## X.     OTHER PROVISIONS

34.     In the event the Settlement is not finally approved or is otherwise terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, Defendants, and Class Members, including, but not limited to, reinstatement of the appeal as set forth in the Ninth Circuit's Order granting conditional dismissal.

IT IS SO ORDERED.

Dated:   **February 23, 2011**              /s/ Dennis L. Beck
                                       UNITED STATES MAGISTRATE JUDGE