# EXHIBIT A

1 Barrett S. Litt, SBN 45527
  Paul J. Estuar, SBN 167764
2 E-Mail: pestuar@littlaw.com
  LITT, ESTUAR & KITSON, LLP
3 1055 Wilshire Boulevard, Suite 1880
  Los Angeles, California 90017
4 Telephone: (213) 386-3114
  Facsimile: (213) 380-4585
5
  Robert Mann, SBN 48293
6 Donald W. Cook, SBN 116666
  E-Mail: doncook@earthlink.net
7 Attorneys at Law
  3435 Wilshire Boulevard, Suite 2900
8 Los Angeles, California 90010
  Telephone: (213) 252-9444
9 Facsimile: (213) 252-0091

10 Attorneys for Plaintiffs

11 PORTER SCOTT                                    Mark L. Nations, Chief Deputy, SBN 101838
   A PROFESSIONAL CORPORATION                      Office of the County Counsel
12 Terence J. Cassidy, SBN 99180                   1115 Truxtun Avenue, Fourth Floor
   Kristina M. Hall, SBN 196794                    Bakersfield, California 93301
13 350 University Ave., Suite 200                  Telephone: (661) 868-3800
   Sacramento, California 95825                    Facsimile: (661) 868-3805
14 Telephone: (916) 929-1481
   Facsimile: (916) 927-3706                       Attorneys for Defendants COUNTY OF
15                                                  KERN, its agency the KERN COUNTY
                                                    SHERIFF'S OFFICE, DONNY
16 Attorneys for Def. COUNTY OF KERN               YOUNGBLOOD and MACK WIMBISH

17

18                    **UNITED STATES DISTRICT COURT**

19                    **EASTERN DISTRICT OF CALIFORNIA**

20

21 MARSIAL LOPEZ, SANDRA                           Case No. CV-F-07-0474 DLB
   CHAVEZ, THEODORE MEDINA,
22 each individually, and as class                 [Hon. Dennis L. Beck]
   representatives,
23                                                  **CLASS ACTION SETTLEMENT**
                        Plaintiffs,                 **AGREEMENT PRESENTED TO**
24                                                  **THE COURT FOR PRELIMINARY**
              vs.                                   **APPROVAL**
25
   SHERIFF DONNY YOUNGBLOOD, et
26 al.,                                             Date: N/A
                                                    Time: N/A
27                      Defendants.                 Courtroom: 9

28

                              {00850924.DOC} 1
──────────────────────────────────────────────
                    CLASS ACTION SETTLEMENT AGREEMENT

                                                              EXHIBIT A

Plaintiffs MARSIAL LOPEZ, SANDRA CHAVEZ, and THEODORE MEDINA (individually and on behalf of the class defined herein (collectively "Plaintiffs")), and Defendant Donny Youngblood (individually and as the Sheriff for the County of Kern), Defendant County of Kern, and Defendant Mack Wimbish (collectively "Defendants"), by and through their respective counsel, hereby submit the following Settlement Agreement ("Settlement Agreement").

## I. RECITALS

WHEREAS, Plaintiffs filed the above referenced action in United States District Court for the Eastern District of California ("Court") on March 27, 2007; and

WHEREAS, Plaintiffs asserted they represented a class of persons who were subjected to strip/visual body cavity searches ("strip/vcb searches") by the Kern County Sheriff's Department ("KCSD") after having become entitled to release, and a class of persons who were subjected to strip/vcb searches in groups without any individual privacy; and

WHEREAS, Plaintiffs further alleged various violations of the Federal and State Constitutions, of 42 U.S.C. §1983, and violation of various California statutes; and

WHEREAS, the District Court certified a class on April 1, 2009; granted summary judgment on liability issues to the Plaintiff class, and denied qualified immunity to the Defendants, on March 31, 2009; and

WHEREAS, the matter was on appeal in the Circuit Court of Appeal from the District Court's orders; however, the Ninth Circuit has now granted conditional dismissal without prejudice of the appeal to allow the District Court to have jurisdiction over settlement of this class action case; and

WHEREAS, the Parties to this Settlement Agreement agree that this action has been extensively litigated for the past nearly four years and have engaged in extensive settlement negotiations over four days before retired United States

{00850924.DOC}2
CLASS ACTION SETTLEMENT AGREEMENT

EXHIBIT A

1    District Judge Raul Ramirez, who acted as the mediator in the case; and

2         WHEREAS, Defendants deny that they have done anything wrong

3    whatsoever, deny all liability to the defined class and do not concede any infirmity

4    in the defenses that they have asserted or intend to assert in these proceedings, but

5    are cognizant of the time and expense of further litigation; and

6         WHEREAS, the Parties to this Settlement Agreement believe that settlement

7    is in the best interests of the parties and will avoid further lengthy and costly

8    litigation;

9         THEREFORE, the Parties agree as follows:

## II. DEFINITIONS

11        1.    "Administrator" means the Class Administrator Gilardi & Co., LLC,

12   as agreed upon by the parties and as to be appointed by the Court, to review and

13   determine the validity and amount of claims submitted by a Settlement Class

14   Member ("SCM") (as defined herein), according to the procedures set forth herein.

15        2.    The "Bar Date" is the date by which any SCM who wishes to receive

16   payment pursuant to the Settlement Agreement must file his/her Proof of Claim and

17   Release Form (attached as Exhibit B), objections to this Settlement Agreement, or

18   request to be excluded from the class (opt-out). The Bar Date shall be calculated as

19   the close of business on the 120th day after the last day of mailing Class Notice (the

20   time frame for which mailing is up to two consecutive business days from

21   beginning to end, as is addressed in ¶34).

22        3.    "Class Counsel" means Barrett S. Litt and Paul J. Estuar, of Litt,

23   Estuar & Kitson ("LEK"), 1055 Wilshire Blvd., #1880, Los Angeles CA. 90017.

24        4.    The "Class Notice" means the notice to the Class regarding settlement,

25   to be sent to Class Members in a form substantially similar to that attached hereto

26   as Exhibit C, and such other summary notice to be published in accordance with the

     terms of this Settlement Agreement.

27        5.    The "Class Period" is March 27, 2005, to October 1, 2007.

28        6.    The Settlement Agreement "Database" is the information provided in

{00850924.DOC}3

CLASS ACTION SETTLEMENT AGREEMENT

EXHIBIT A

16

hard copy and/or electronic form by the Defendants to the Administrator and Class Counsel no later than ten (10) days from the date the Court grants preliminary approval of the terms of this Settlement Agreement (if it has not already occurred). It may include, to the extent available, the name, address at time of booking, date of birth, Social Security Number, whether the inmate is a Post-Release Settlement Class Member 1 or 2, and any other computerized data relevant to determining Class Membership or notifying Class Members.

7.    The "Effective Date" means the date upon which a judgment entered by the Court approving the Settlement Agreement becomes final. The Judgment will be deemed final only upon expiration of the time to appeal or, if a Notice of Appeal is filed, upon exhaustion of all appeals and petitions for writs of certiorari, the final resolution of which upholds the settlement.

8.    An "Opt-Out" is any Class Member who files a timely request for exclusion pursuant to the terms of this Settlement Agreement, as specified in Paragraph 43.

9.    The "Proof of Claim Form" means the Proof of Claim and Release Form required to be used to make a claim for payment under this settlement. The Proof of Claim form utilized will be materially similar to the copy of the proposed Proof of Claim attached as Exhibit B.

10.    "Released Person" means the Defendants and their affiliates, subsidiaries, predecessors, successors, and/or assigns, together with past, present and future officials, employees, representatives, attorneys, and/or agents of the County of Kern, the Kern County Sheriff's Department, or any of them. "Released Persons" also includes any and all insurance carriers, and/or their representatives and attorneys, for the Released Persons.

11.    "Post-Release Class" means those persons who, from March 27, 2005, up to October 1, 2007, (a) were in KCSD custody; (b) were taken from jail to court; (c) became entitled to release after going to court; and (d) were strip and/or visual body cavity ("vbc") searched before release pursuant to KCSD's blanket policy,

{00850924.DOC}4

CLASS ACTION SETTLEMENT AGREEMENT

17

EXHIBIT A

practice and/or custom to strip/vbc search all court returns, including those entitled to release.

12.    "Group Strip Search Class" means those persons who, from March 27, 2005, up to October 1, 2007, (a) were in KCSD custody; (b) were subjected to a strip and/or visual body cavity search in a group with other inmates also being strip/vbc searched, which search did not afford privacy from others; and (c) whose strip searches were conducted pursuant to KCSD's blanket policy, practice and/or custom to regularly conduct strip/vbc searches in a group setting.

13.    A "Class Member" means any member of either Class as defined above.

14.    A "Settlement Class Member" ("SCM") means any member of either Class as defined above, including representatives, successors and assigns, who does not file a valid and timely Request for Exclusion as provided for in ¶44 of this Settlement Agreement.

15.    "Strip Search" means a search conducted by Kern County Sheriff's personnel on a Kern County inmate in which the person was required to remove his or her clothing, including underwear, in the presence of a corrections officer and/or expose his or her breasts, genitals or body cavities for a visual inspection.

## III. DISCLAIMER OF LIABILITY

16.    This Settlement Agreement is for settlement purposes only, and neither the fact of, nor any provision contained in, this Settlement Agreement or its exhibits, nor any action taken hereunder, shall constitute, be construed as, or be admissible in evidence as, any admission of the validity of any claim or any fact alleged by any Plaintiff or Class Member in either this action or in any other pending or future action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Released Person or admission by any Released Person of any claim or allegation made in this action or in any other action. Defendants deny all allegations of wrongdoing and deny any liability to Plaintiffs or to any Class Member. The parties have agreed that, in order to avoid long and costly

{00850924.DOC}5

CLASS ACTION SETTLEMENT AGREEMENT

EXHIBIT A

litigation, this dispute should be settled pursuant to the terms of this Settlement Agreement, subject to the approval of the Court.

## IV. <u>TERMS AND EFFECT OF SETTLEMENT AGREEMENT</u>

17.     The Parties enter into this agreement solely for the purposes of this settlement and implementation of the settlement. If the settlement fails to be approved or otherwise fails consummation, then this Settlement Agreement is hereby withdrawn.

18.     A SCM who complies with the requirements set forth in this Settlement Agreement will be paid specified sums determined by the settlement distribution process set forth herein, which payment shall be in full satisfaction of all claims of that SCM.

19.     The Settlement Agreement, as of the Effective Date, resolves in full all claims against the Released Persons by all of the SCMs, including the named Plaintiffs, involving violations of law or constitutional rights, including, without limitation, their Fourth Amendment rights, their Fourteenth Amendment rights, or any other federal, state or local law, regulation, duty, or obligation, or any other legal theory, action or cause of action, which are based upon or could be based upon or arise from the facts alleged in the lawsuit, i.e., claiming damages for strip searches occurring while in custody of the Kern County Sheriff's Department that fit within the definition of either the Post-Release or Group Strip Search Class. When the Settlement Agreement is final, as of the Effective Date, all SCMs, including the named Plaintiffs, waive all rights to any and all claims relating to Post-Release or Group Strip Searches by Released Parties under any theory or cause of action whatsoever under California state law and federal law. This waiver and release shall include a full release and waiver of unknown rights that may exist as of the Effective Date.

20.     As of the Effective Date, the SCMs, including the named Plaintiffs, hereby waive any and all rights to pursue, initiate, prosecute, or commence any action or proceeding before any court, administrative agency or other tribunal, or to

{00850924.DOC}6

CLASS ACTION SETTLEMENT AGREEMENT

EXHIBIT A

file any complaint regarding acts or omissions by the Released Persons with respect to any Strip Search by Defendants that occurred or may have occurred during the Class Period that fit within the definition of either the Post-Release or Group Strip Search Class; and further, as it relates to this waiver or Release, expressly waive the provisions of California Civil Code §1542, which provides that "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

21.     This Settlement Agreement, together with its exhibits, contains all the terms and conditions agreed upon by the Parties hereto regarding the subject matter of the instant proceeding, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Settlement Agreement shall be deemed to exist, or to bind the Parties hereto, or to vary the terms and conditions contained herein, except as expressly provided herein.

22.     Each SCM shall be deemed to have submitted to the jurisdiction of the Court.

23.     This Settlement Agreement is subject to and conditioned on a Fairness Hearing conducted by the Court and the final approval of this Settlement Agreement and the issuance of the final order and judgment of dismissal by the Court, providing the specified relief as set forth below, which relief shall be pursuant to the terms and conditions of this Settlement Agreement and the Parties' performance of their continuing rights and obligations hereunder. The Order and Judgment shall be deemed final only on expiration of the time to appeal, or if a Notice of Appeal is filed, upon exhaustion of all appeals and petitions for writs of certiorari or the expiration of the time to file such writ petition (see definition of "Effective Date", *supra*). Such final Order and Judgment shall:

    a. Dismiss with prejudice all claims in the action as to the Released Persons including all claims for monetary damages, declaratory relief and injunctive relief, each side to bear their own costs and fees except as

{00850924.DOC}7

CLASS ACTION SETTLEMENT AGREEMENT

EXHIBIT A

otherwise provided for in this Settlement Agreement;

b. Order that all SCMs are enjoined from asserting against any Released Person, any and all claims that any SCM had, has or may have in the future arising out of the facts alleged in the Complaint;

c. Release each Released Person from the claims that any SCM has, had or may have in the future, against such Released Person arising out of the facts alleged in the Complaint;

d. Determine that this Settlement Agreement is entered into in good faith, is reasonable, fair and adequate, and in the best interest of the Class; and

e. Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Settlement Agreement, including Defendants and SCMs, to administer, supervise, construe and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of all Parties.

The Parties will take all necessary and appropriate steps to obtain preliminary and final approvals of the Settlement Agreement, and dismissal of the action with prejudice, all parties bearing their own fees and costs unless otherwise set forth in this Settlement Agreement. If the Court gives final approval of this Settlement Agreement, and if there is an appeal from such decision, the Defendants will not oppose Plaintiffs' efforts to defend the Settlement Agreement.

## V. RESOLUTION AND PAYMENT OF CLAIMS SETTLEMENT PAYMENTS

24.    Released Parties shall not prefund any settlement fund or proceeds. Instead, funds will be deposited by the Released Parties to the Class Administrator as necessary to pay the class administration costs, the attorney's fees and costs, and the SCM (including the Named Plaintiff) claims.

25.    Defendants agree to pay each of the three class representatives [Marsial Lopez, Sandra Chavez, and Theodore Medina] $30,000 as full and complete payment of their claims in this case, subject to the approval of the Court. Said payments to the class representatives shall be paid to the Litt, Estuar & Kitson

{00850924.DOC}8

1  LLP (hereafter "LEK") Client Trust Account at the same time that the Attorneys'

2  fees and costs are paid. Defendants or their insurers will make a single wire transfer

3  to the LEK Client Trust Account that will include the approved attorneys' fees and

4  costs, and the funds awarded to the class representatives in a single transfer

5  (hereafter the "Class Rep/Fee Transfer") within thirty (30) days of the Effective

6  Date. The Class Representatives and Class Counsel shall provide tax identification

7  information to Defendants within 30 days from the date of preliminary approval of

8  the Settlement Agreement.

9      26.    The Parties agree that this is a claims-made settlement, requiring a

10 SCM to formally submit a valid and completed Proof of Claim Form in order to

11 qualify and receive payment under this Settlement Agreement. In addition to and

12 separate from any other payments called for in this Agreement, the Released Parties

13 agree to pay a SCM who complies with the requirements set forth in this Settlement

14 Agreement according to a tier payment process as follows:

15         a.  Post-Release Settlement Class Member 1: A Post-Release Settlement

16             Class Member 1 is a SCM who meets the definition of a Post-Release

17             Settlement Class member provided above and was subjected to a post-

18             release strip/vbc search for the first time during the Class Period.

19             Defendants agree to pay a SCM who qualifies as a Post-Release Class

20             Member 1 a sum of $1500.

21         b.  Post-Release Settlement Class Member 2: A Post-Release Settlement

22             Class Member 2 is a SCM who meets the definition of a Post-Release

23             Settlement Class member provided above and was subjected to a post-

24             release strip/vbc search for a second time during the Class Period.

25             Defendants agree to pay an SCM who qualifies as a Post-Release Class

26             Member 2 a sum of $750 (in addition to the amount such SCM receives as

27             a Post-Release Settlement Class Member 1). No additional payments will

28             be made to persons subjected to more than two such searches.

           c.  Group Strip Search Settlement Class Member: A Group Strip Search

{00850924.DOC}9

CLASS ACTION SETTLEMENT AGREEMENT

EXHIBIT A

22

Settlement Class Member is a SCM who meets the definition of a Group Strip Settlement Class member provided above and was subjected to a group strip/vbc search during the Class Period. Defendants agree to pay a SCM who qualifies as a Post-Release Class Member 1 a sum of $200. No additional sums shall be paid to a Group Strip Search Settlement Class Member who was subjected to a post-release strip/vbc search more than one time (i.e., each Group Strip Search Settlement Class Member shall be paid $200 no matter how many times the individual was subjected to a group strip search).

27.    A SCM who is a Post-Release Class member is also entitled to payment as a Group Strip Search Class member in addition to the payment s/he receives as a Post-Release Class member.

28.    Notwithstanding the amounts set forth above to be paid to each class member, the parties have agreed to a maximum payout for each class, the amount of which was derived from their joint estimate that claims are unlikely to exceed approximately 28% of the class members (and, based on past experience, will likely be meaningfully lower than that). Accordingly, the amounts to be paid Class Members (not including class representatives) will be adjusted if the amount to be awarded eligible Class Members in either the Post-Release or Group Strip Search who make claims exceeds the total amount to be paid to that class. In that event, the amount that members of that class receive will be adjusted on a pro-rated basis, which would result in payment to individual Class Members of amounts lower than those set forth above. The total amount paid to Post-Release Class Members is capped at $2,335,830.00, and if claims exceed that, they will be adjusted on a pro-rated basis so that the total payment to such Post-Release Class Members (first and second time combined) will not exceed that total. Similarly, the amount paid to Group Strip Search Class Members is capped at $2,016,000.00, and if claims exceed that, they will be adjusted on a pro-rated basis so that the total payment to such Group Strip Search Class Members will not exceed that total.

{00850924.DOC}10

CLASS ACTION SETTLEMENT AGREEMENT

EXHIBIT A

29.   The Parties agree that a *cy pres* fund is not necessary or warranted and no *cy pres* fund will be created under the terms of this settlement.

**CLASS COUNSEL FEES**

30.   In addition to and separate from any other payments called for in this Agreement, the Released Parties shall pay a one-time only lump sump payment of $2,000,000, to be paid to the LEK Client Trust Account, as Class Counsel attorneys' fees, plus costs not to exceed $65,000. This payment represents a full and final settlement of all past, present and future attorneys' fees and all past, present and future ordinary and extraordinary costs. It shall be paid as specified in ¶25, *supra.*

**CLASS ADMINISTRATION COSTS**

31.   In addition to and separate from any other payments called for in this Agreement, the Released Parties are responsible for all Class Administration costs, which shall be limited to the costs of Class Administration, costs of class notice and costs for a Special Master as set forth in this Settlement Agreement. They shall include any charges by Plaintiffs' data expert, in the event and to the extent that Defendants wish to utilize him. Defendants and Kern County's insurers had the unilateral right to decline entering into the Settlement Agreement if they determined that Class Administration costs would exceed an agreed upon amount. Defendants and Kern County's insurers did not exercise that right, and have agreed to retain Gilardi to act as the Class Administrator, to whom Class Counsel have also agreed. Accordingly, Defendants and their insurers, subject to court approval, have contracted with Gilardi to provide class administration services, and they are solely responsible for the costs of class administration, whatever they amount to.

32.   The Administrator shall be responsible for providing Class Notice. This shall comprise mailing Class Notice and a Claim Form by regular mail to all Class Members' last known address. The Administrator shall also use normal and customary means to search for a Class Member's last known address, including the use of a postal database, when mail is returned, or whenever else it is appropriate in

{00850924.DOC} 11

EXHIBIT A

1   order to reasonably notify Class Members. In the event a Notice to a Class

2   Member's last known address is returned as undeliverable, this will also include

3   making determinations of the location and current mailing address of Class

4   Members who are in state or federal prison, and re-sending notices to them at that

5   address. The Parties believe in good faith that obtaining the location and mailing

6   addresses of Class Members who may be in prison can be accomplished by Gilardi

7   and Co. and/or in cooperation with the California Department of Corrections and

8   Rehabilitation and the Federal Bureau of Prisons. The Parties will only apply for a

9   court order to access those records if necessary. Because those records are

10  confidential, the Parties request that the order for preliminary approval permit the

11  Parties and the claims administrator the right to access and review that data for use

12  in administering this settlement, and that they be provided immunity for any such

13  use.

14      33.     The Class Notice shall describe the particulars of the case, provide the

15  class definition, provide information for claimants to contact the Administrator for

16  a claim form, and other usual and customary information. The Class Notice will be

17  materially similar to the proposed Class Notice attached to this Settlement

18  Agreement as Exhibit C.

19      34.     The Administrator shall complete the mailing of Class Notice within

20  two consecutive business days. The second day of such mailing is the first day of

21  the period for calculating the "bar date" as provided in ¶2.

22      35.     The Administrator shall be responsible for publishing a summary Class

    Notice as follows:

23      a.  The Bakersfield Californian. The notice shall run on four separate days, a

24          week apart, over a four week period and shall be at least ¼ page in size;

25          and

26      b.  To the extent possible, the Kern County Cable TV Community Bulletin

27          Board. Provide a notice announcement for four days.

28

## CLASS ADMINISTRATION FOR PROOF OF CLAIM FORMS

36.     The Administrator shall be responsible for providing and receiving Proof of Claim Forms. The Administrator shall determine eligibility for, and the amount of, payment based on the Database or other available County of Kern documents provided by Defendants to the Administrator.

37.     A Proof of Claim Form shall be deemed timely submitted when received by the Administrator, or postmarked, on or before the Bar Date. Facsimile or electronic mail filings are not acceptable, will be deemed untimely filed and shall not be considered by the Administrator.

38.     If a Class Member submits a timely claim form that is deficient in some respect, the Administrator shall provide written notice by First Class Mail and a 30-day time limit to provide a proper claim form, which notice shall inform the Class Members of what s/he must do in order to submit a proper claim. Failure to cure the deficiency within the 30 day time limit will bar any further rights for consideration of eligibility.

39.     Untimely filed Proof of Claim Forms shall be rejected by the Administrator and no payment shall be made.

40.     The Administrator shall be responsible for garnishing from any payment to a SCM certain amounts that the SCM owes for any liens or court orders for restitution, child support, debts owed to the County of Kern and any statutory liens, as set forth in ¶43, *infra*.

41.     The Administrator shall make payments to SCMs who have filed timely claims in accordance with this Settlement Agreement within a reasonable time, with a goal of within 120 days after the Effective Date. If a check to a SCM is not cashed within three months of its mailing, the Administrator shall hold the funds for six additional months, during which time it shall make reasonable efforts to contact the person to whom the un-cashed check was written to make arrangements for its cashing or reissuance. Any such funds not cashed within one year of its mailing shall revert to Defendants.

{00850924.DOC}13

42.    The Administrator shall not make payment to any SCM until all claims have been submitted to the Administrator pursuant to the terms of this Settlement Agreement, all verified claims and payments have been calculated and all disputes relating to claims have been resolved.

## GARNISHMENT OF PAYMENT FOR LIENS

43.    The Administrator shall deduct from any claim certain payment amounts owed by a claim participant for any liens or court orders for restitution, child support, debts to county and statutory liens. (Those SCMs filing claims who have liens under this paragraph are referred to as "Claimant with Liens.") The Class Administrator will make payment to Kern County, the proper payee and/or their designee for those payment amounts deducted as set forth in this paragraph. The Defendants shall prepare a list of the liens or orders applicable to each Class Member with Liens (hereafter referred to collectively as "lien" or "liens"). That list will be provided to the Administrator, which will be responsible to confirm the list of such liens. The following procedures shall apply to the liens.

a. For Claimants with Liens, the payment disbursement letter accompanying any claim check sent to them shall include a notice of that amount, specifying the nature of the lien and the purported amount of the lien. The Notice shall include advising the claimant of his or her right to contest the lien and advise him or her of the procedures to do so. The Notice will advise the Claimant with Liens that they have 30 days from the date of receipt of such notice (based on the postmark of said notice) to file a Notice Contesting Lien, and of the procedure to contest the lien. A form Notice Contesting Lien shall be provided to each Claimant with Liens, to be prepared by the Administrator subject to approval by the parties, which will be used to contest the lien.  The Notice Contesting Lien shall specify the grounds for the objection, and copies shall be sent to Class Counsel, Defendants' counsel and the Claims Administrator.

b. First, the SCM, Class Counsel and Defendants' Counsel will attempt to

{00850924.DOC}14

EXHIBIT A

resolve the objection by meet and confer conference.  In the event the objection cannot be resolved in that fashion, the Special Master agreed to pursuant to ¶49 will be empowered to resolve any lien disputes under this paragraph. To participate as a class member, any Claimant with Liens will be deemed to have agreed that the Special Master's determination shall be binding and non-appealable, and that fact shall be included in the letter sent to Claimants with Liens. Such a claimant may present his or her contentions and supporting documents in writing to the Special Master. The Special Master will decide the validity of the lien, and may request recommendations from each side's counsel before doing so.

c. Despite the amount of any lien, no Claimant with Liens shall have to pay more than 50% of his/her class fund payment towards the lien, which ensures that the claimant will receive funds for his/her claim regardless of the amount of any lien.

d. The cost of the Special Master shall be borne by the Defendants as part of the Class Administration costs.

## EXCLUSION FROM SETTLEMENT CLASS—OPT OUTS

44.  Any Class Member who wishes to be excluded from the Settlement Class must submit a request to be excluded from the class, defined herein as "Opt-Out". The request for exclusion must be delivered to the Administrator, or postmarked, on or before the Bar Date or as the Court may otherwise direct.

45.  Each member of the Settlement Class who chooses to Opt-Out from or object to this settlement shall be deemed to have submitted to the jurisdiction of the Court with respect to his/her claim and to any dispute resolution process conducted by a Special Master as set forth in this Settlement Agreement.

46.  Any Class Member who does not Opt-Out as set forth in this Settlement Agreement, shall be deemed conclusively to have become a SCM and to be bound by the Settlement Agreement and all subsequent proceedings, orders and judgments herein.

{00850924.DOC} 15

CLASS ACTION SETTLEMENT AGREEMENT

EXHIBIT A

47.    Any Class Member who exercises an Opt-Out, as set forth in ¶44, shall not share in any monetary benefits provided by this Settlement Agreement.

48.    The Administrator will report to Defendants' counsel and Class Counsel all Opt-Outs upon receipt, and will determine and report to counsel the total number of Opt-Outs no later than 10 days after the Bar Date. If the total number of Opt-Outs exceeds 25, Defendants, in their sole discretion, may rescind their acceptance of the Settlement Agreement. Defendants, in exercising this right of rescission, shall provide the Administrator and Class Counsel with written notice of rescission within 10 days after receipt of the Administrator's report providing the total number of Opt-Outs. In the event Defendants exercise their right of rescission in accordance with this paragraph, any funds paid or deposited pursuant to this Settlement Agreement shall be returned to Defendants within 10 days of the exercise of the right to rescind, less any expenses, fees and costs incurred by the Administrator. Such Administrator costs shall be borne exclusively by Defendants and shall not be chargeable as a collectible cost even should Defendants ultimately prevail in this Action.

**DISPUTE RESOLUTION**

49.    The Parties agree to the appointment of the Honorable Raul Ramirez (Ret.) as Special Master pursuant to Federal Rules of Civil Procedure Rule 53 to resolve disputes that arise from implementation of the Settlement Agreement as set forth herein.

**INTEGRATION**

50.    This Settlement Agreement supersedes all prior communications regarding the matters contained herein between the signatories hereto or their representatives. This Settlement Agreement is an integrated agreement and contains the entire agreement regarding the matters herein between the signatories hereto and no representations, warranties or promises have been made or relied on by any party hereto other than as set forth herein. This Settlement Agreement was drafted by counsel for the parties hereto, and there shall be no presumption or construction

{00850924.DOC} 16

1  against any party.

2  **FAIRNESS HEARING AND FINAL ORDER OF APPROVAL**

3      51.    Before this settlement agreement becomes final and binding on the

4  parties, the Court shall hold a Fairness Hearing to determine whether to enter the

5  Final Order of Approval. A proposed Final Order of Approval shall be submitted to

6  the Court substantially in the form set forth in Exhibit D.

7  **NO ADMISSION OR WAIVER**

8      52.    The Parties acknowledge and agree that all undertakings and

9  agreements contained in this Settlement Agreement have been agreed to solely for

10  the purpose of finally compromising and resolving all questions, disputes and issues

11  between them relating to the litigation. This Settlement Agreement and any

12  proceedings taken pursuant hereto shall not in any event be construed as,

13  interpreted as, or deemed to be evidence of an admission or concession by either

14  party for any purpose, or deemed to constitute a waiver of any legal position or any

15  defenses or other rights which either of the parties might otherwise assert in any

16  context. Neither this Settlement Agreement nor any of its provisions nor any other

17  documents related hereto nor any negotiations, statements or testimony taken in

18  connection herewith may be offered or received in evidence in, or used for any

19  other purpose, or in any suit, action or legal proceeding which either of them may

20  now have or in the future have with any other person, as an admission or

21  concession of liability or wrongdoing or as any admission or concession on the part

22  of either party, except in connection with any action or legal proceeding to enforce

23  this Settlement Agreement. The Parties have reached this Settlement Agreement on

24  a commercial basis through arms-length negotiations and to avoid the costs and

25  delays of further disputes, litigation and negotiations among them. This Settlement

26  Agreement has been entered into without any concession of liability or non-liability

27  whatsoever and has no precedential or evidentiary value whatsoever. This

28  Settlement Agreement does not and is not intended to create any rights with respect

to any third parties, except as otherwise provided herein.

{00850924.DOC} 17

CLASS ACTION SETTLEMENT AGREEMENT

EXHIBIT A

1

2  DATED: _____          By: _____

3                                   Mark L. Nations, Chief Deputy
                                    Office of the County Counsel
4                                   COUNTY OF KERN

5

6  DATED: January 21, 2011        By: _/s/_ Barrett S. Litt _____

7                                   Barrett S. Litt
                                     LITT, ESTUAR & KITSON
8                                   Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{00850924.DOC} 18

CLASS ACTION SETTLEMENT AGREEMENT

EXHIBIT A

LIST OF EXHIBITS TO SETTLEMENT AGREEMENT

Exhibit B          Proof of Claim and Release Form

Exhibit C          Class Notice

Exhibit D          Final Order of Approval and Settlement

{00850924.DOC} 19

CLASS ACTION SETTLEMENT AGREEMENT

EXHIBIT A

# EXHIBIT B

Proof of Claim Form, Exhibit B, 10/28/10 DRAFT
CONFIDENTIAL SETTLEMENT COMMUNICATION

# CLASS ACTION CLAIM FORM

If you receive more than one Claim Form, sign and file all Claim Forms you receive.

|||||||||||||||||||||||||||| Claim #: SBO-123456-7
First Last (pre-print)
c/o (pre-print)
Address (pre-print)
City, ST Zip (pre-print)

Name/Address Changes (if any). Please enter below:

First Name _____ Last Name _____

Address _____

City _____ , State _____ Zip _____

Please provide the following personal identification information:

Email address: _____

(_____) _____
Area Code        Daytime Telephone Number

(_____) _____
Area Code        Evening Telephone Number

Social Security Number: ___ ___ ___ - ___ ___ - ___ ___ ___ ___   Date of Birth: [M]____ /[D] ____ /[Y]_____

Alias(es): _____

_____

I understand my entitlement will be determined exclusively by records of the County of Kern.

I wish to make a claim against Kern County because, between March 27, 2005, and October 1, 2007, while in the custody of Kern County Jail, I was subjected to a strip/visual body cavity search in a group with other inmates, and/or strip/visual body cavity searched after going to court and becoming entitled to release from custody as a result. I have reviewed and understand the class notice. To the best of my knowledge, I qualify as a class member. I understand that any liens the County may have against me will be taken from my recovery, up to 50% of the total. I understand that, by filing a Claim Form, I agree to allow the Claims Administrator access to my records regarding my arrest and any potential lien. I understand that, by participating as a class member, I waive all rights I may have, known or unknown, regarding Kern County's strip searches of me.

You must mail this Claim Form with a postmark, or it must be received,
**NO LATER THAN _____,**
in order to receive money.

If your Claim Form is not mailed with a postmark, or received by, no later than _____ 2011, you will not be entitled to receive money, but you will be bound by the settlement anyway. **DO NOT DELAY.**

The information given in this Claim Form is private, and will be held in strictest confidence, except as needed by the Parties and Settlement Administrator. If you have any questions about this lawsuit, write to us at *Lopez v. County of Kern* Settlement Administrator, _____, _____, or contact us by e-mail at _____ or visit our web site at www._____.com.

By signing this form below, I am confirming that the above information is correct to the best of my recollection and that 1) I am the person identified above and I am over the age of 18; 2) I qualify as a member of the class as defined above, and agree to the terms of the settlement; 3) I have not already received money or compensation for any of the claims involved in this case; 4) I will abide by, and be limited to, the formula for damages approved by the Court; and 5) I will keep the Settlement Administrator informed of my whereabouts at all times.

1

EXHIBIT B

Proof of Claim Form, Exhibit B, 10/28/10 DRAFT
CONFIDENTIAL SETTLEMENT COMMUNICATION

I declare under penalty of perjury that the information given above is true and correct.

Date: _____     Signature: _____
         (mm/dd/yyyy)

If you are signing as a Parent or Guardian please print your first and last names on the lines below:

Print Parent/Guardian First Name: ____     Last Name: ____

# EXHIBIT C

## Class and Settlement Notice

### NOTICE OF CLASS ACTION, PROPOSED CLASS SETTLEMENT AND HEARING

RE: *Lopez, et al. v. County of Kern, et al.,* **United States District Court, Eastern District of California, Case No. CV-F-07-0474 DLB.**

This Class and Settlement Notice is available in Spanish.  Call toll-free_____ or visit the following website: _____.com. *(in Spanish)*

**If, between is March 27, 2005, and October 1, 2007, you were arrested in Kern County, booked into a Kern County Sheriff's Department facility, and strip searched in a group with other inmates and/or strip searched by Kern County authorities after a Court ordered that you be released from custody,**

**You may be a CLASS MEMBER and entitled to MONEY.**

There is currently pending a class action lawsuit in the United States District Court, Eastern District of California.  The Court has certified the case as a class action, and there is a proposed Settlement.  If the proposed Settlement receives final court approval, CLASS MEMBERS are eligible to receive money.

Kern County records show that **you may be a CLASS MEMBER.** Therefore, **you may be eligible to receive MONEY.**  To receive any money in this pending Settlement, **you must fill out and mail a Claim Form.**

### Your Claim Form

must be **postmarked** or received by the Administrator no later than _____ 2011.

**If you wish to "opt out," or be excluded from the Settlement, your opt-out letter must be postmarked or received by the Administrator by _____, 2011.**

1

EXHIBIT C

Even if you do not submit a Claim Form(s) or opt out by the above deadline, you will nonetheless be bound by the Settlement, but you will not receive any money.

**If You Wish to Claim Money,
Fill Out and Mail the Enclosed Claim Form Today.**

If you receive more than one Claim Form, sign and file <u>all</u> Claim Forms you receive.

2

EXHIBIT C

Below are questions and answers designed to explain to you information about this lawsuit, including how to proceed to file a claim or otherwise participate in the Settlement process.

**1.      What Is The Class Action Lawsuit About?**

This lawsuit involves the former policy and/or practice of the Kern County Jail of a) strip searching inmates (i.e., requiring inmates to remove all clothing and submit to a visual inspection, usually including a visual inspection of their breasts, genitals and rectum) in a group with other inmates, and b) strip searching inmates who became entitled to release from custody after going to court. The Class Period covers March 27, 2005, through October 1, 2007 (when the policy was stopped).

**2.      Who Is A Member Of The Class?**

You are a member of the class if you meet the definition of either of the classes (summarized above and set forth fully in the judge's orders), and your claim can be verified from the records of the Kern County Sheriff's Department.

Kern County must have a record of your being in custody so that officials can identify you individually by true name and other methods of identification, and ascertain that you qualify as someone who is a member of the class. Such records are the sole and final way it is determined who is a member of the class.

You have received this Notice either because (a) County of Kern records indicate that you may be in the class, or (b) you contacted the Class Administrator in the belief that you are in the class. Whether or not you qualify as a class member will be based upon records of the County of Kern. If those records do not contain your name and show you to be within the definition of the class, you will not qualify.

**3.      What Is The Purpose Of This Notice?**

You have a right to know about a proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to give final approval to the Settlement. Your rights may be affected by this lawsuit.

This information is being sent to every known person who is or may be a member of the class based upon the last known address available from the records of the Kern County Sheriff's Department, and otherwise publicized to reach class members.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are obtained, who is eligible and how to file a claim.

The Court in charge of the case is the United States District Court for the Eastern District of California, located in Fresno, California. The case is known as *Lopez v. Youngblood, et al.,* Case No. CV-F-07-0474 DLB. The people who brought the case are called Plaintiffs, and the people they sued are called Defendants.

3

EXHIBIT C

### 4.   Why Is This A Class Action?

In a class action, one or more persons, called the Class Representative(s), sue on behalf of a group of people who have similar claims – the Class Members. One court then resolves the issues for all Class Members, except for those who exclude themselves from the class.

### 5.   Why Is There A Settlement?

This case has been going on for a very long time. Instead of continuing with the case, both sides have agreed to a Settlement. That way, both sides are able to avoid the risks and costs of a trial or appeal, the case can be resolved immediately, and the benefits of the Settlement can be made immediately available to the Class Members. The Class Representatives and their attorneys think that the proposed Settlement is fair to the Class Members and the parties in the case, and think that the terms of the Settlement are a fair, reasonable and adequate resolution of this matter. Because this is a settlement, the Defendants do not formally admit liability, but they nonetheless agree to pay money to class members.

### 6.   Are There Lawyers Representing You?

The Court has approved lawyers (called "Class Counsel") to collectively represent you. You will not be asked to pay your own personal money for the services of these attorneys and their associates and staff in litigating this case and negotiating this Settlement. Instead, the lawyers will seek payment from the defendants, subject to final approval of the Court, as is described further below. Only Class Counsel may act on behalf of the class. However, that does not prevent you from hiring your own lawyer to advise you personally about your rights, options or obligations as a Class Member in this lawsuit. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 7.   What Does The Settlement Provide?

The Settlement provides for the following payments to class members in three tiers:

 a. A person who was subjected for the first time during the class period (between March 27, 2005, and October 1, 2007) to a Kern County strip search after a Court ordered him or her to be released from all pending charges, and the person was in fact entitled to immediate release based on that order, will receive a payment of $1500 (subject to certain possible adjustments described below in ¶ 8).

 b. A person who was subjected for a second or more time during the class period (between March 27, 2005, and October 1, 2007) to a Kern County strip search after a Court ordered him or her to be released from all pending charges, and the person was in fact entitled to immediate release based on that order, will receive a payment of $750 in addition to the $1500 for the first strip search

4

EXHIBIT C

Case 1:07-cv-00474-DLB   Document 125-4   Filed 01/22/11   Page 5 of 10

(again subject to certain possible adjustments described below in ¶ 8). If someone was strip searched after being ordered released more than two times during the Class Period, s/he will not receive additional money for those searches.

c.   A person who was strip searched in a group while in Kern County custody during the Class Period will receive a one time only payment (regardless of the number of times the person was strip searched in a group) of $200 (subject to certain possible adjustments described below in ¶ 8).

In addition, the Agreement provides for the following other payments:

a)   Separate payment by Defendants of settlement administration fees.

b)   Separate payment by Defendants of a total of $90,000 to the three individuals ($30,000 each) who were Named Plaintiff and Class Representatives, and whose individual damages could be assessed prior to Settlement. These plaintiffs will receive more under the Settlement than other Class Members because of the role that they played in the litigation, and because of individualized damages determinations made in their cases. The Court will finally approve whether to allow this amount or a different (but not higher) amount.

c)   An award of attorneys' fees, to be separately paid by the Defendants, in the amount of $2,000,000, subject to the final approval of the Court, and costs of litigation not to exceed $65,000.

As a result of this case, Kern County Jail no longer engages in routine strip searches in groups or of those who are ordered by a court to be released, and are entitled to immediate release.

8.   **What Are The Possible Adjustments To The Amounts Class Representatives Receive?**

As indicated above, class members are to receive a fixed amount of money, which may be adjusted under certain circumstances. An adjustment would only occur if the number of claims substantially exceeds what the parties expect based on past experience in cases of this kind. Specifically, the total amount paid to Post-Release Class Members (first and second time combined) is capped at approximately $2,335,000, and amount paid to Group Strip Search Class Members is capped at approximately $2,015,000 (each rounded to the nearest $5000). If claims exceed those amounts for either class, they will be adjusted on a pro-rated basis so that the total payment for that class will not exceed its maximum.

The reason for this maximum is that the defendants bargained that the settlement would not cost them more than a certain amount, so this adjustment assures them that the total cost of the settlement will not exceed a certain amount.

5

EXHIBIT C

The parties expect that the amount allocated for each class will be sufficient to pay each class member the amounts set forth previously. However, it is possible that the parties are wrong, and that the amounts to be paid to class members will have to be adjusted. Thus, it is important that you understand that this is possible.

Even if 100% of class members filed claims, and all were paid, post-release strip search class members would receive $420, and group strip search class members would receive $56.

### 9.    Lien Deductions?

The Class Administrator shall deduct from any claim payment the amount owed by a claim participant for liens or court orders for restitution, child support, debts owed to the County of Kern or any statutory liens. By filing a Claim Form, you agree to allow the Class Administrator access to your records regarding child support or potential statutory liens. However, no more than 50% of the amount due to a claimant may be deducted to pay such restitution, debts or liens, so all qualifying claimants will receive some money even if such deductions occur. A Class Member from whom lien deductions will be taken will have the right to present evidence to a retired judge that s/he does not owe the money on which the lien is based; the retired judge's decision on that issue will be final.

### 10.    Will I Receive Anything From The Settlement?

If it is verified that you are a Class Member, and you file an approved claim within the time set by the Court, you will be entitled to receive compensation in accordance with the schedule described above.

### 11.    What Do I Do To Get Money?

If you wish to receive money from the Settlement, you must complete and submit the accompanying Claim Form. Read the instructions on the Claim Form carefully. **All Claim Forms must be completed and postmarked (or received by the Administrator) no later than** _____, 2011, but it is recommended that you complete and mail your Claim Form as soon as possible. **If you do not timely and properly submit your Claim Form, you will not receive any money** from the Settlement. If you need a copy of a Claim Form, please call _____ (toll free), or write to the *Lopez v. Youngblood* Settlement Administrator, _____, _____, CA _____, or download the Form from the Internet at _____.

### 12.    Can I Exclude Myself From The Settlement?

If you do not want to be a member of the class, then you must take steps to get out of the class. This is called "excluding yourself" from, and sometimes is referred to as "opting out" of, the class.

6

EXHIBIT C

### 13.   What Do I Do To Exclude Myself From The Lawsuit?

To exclude yourself, you must send a letter by First-Class mail clearly stating that you want to be excluded from *Lopez v. Youngblood, et al.* Be sure to include your name, address, telephone number and signature. The name and address of your attorney is not sufficient. **You must mail your Exclusion Request, postmarked no later than _____, 2011 to:**

*Lopez v. Youngblood, et al.* Settlement Administrator

_____

_____, CA _____

You cannot exclude yourself on the phone or by email. If you are excluded, you will not be entitled to get any money from the Settlement, and you cannot object to the Settlement. Nor will you be legally bound by anything that happens in this lawsuit.

Unless you exclude yourself from the class, you remain in the class and give up all of your rights against the Defendants except those available to you under this Settlement. That means that, if you don't exclude yourself and you also don't file a claim, you will receive no money but still lose your rights against the Defendants. **So be sure to file your claim.**

### 14.   What Is The Release Of Claims?

If you are a class member and have not excluded yourself from the class as described above, you are waiving all your rights to all claims during the class period related to strip searches by the Kern County Sheriff's Department falling within the Court's definition of the Classes, even those you are not aware of at present. This waiver includes a waiver of the provisions of California Civil Code §1542, which provides that "a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." By not excluding yourself, you will be giving up unsuspected claims in these areas related to strip searches by the Kern County Sheriff's Department. However, you will not be giving up any other claim(s) that you may have against Kern County for conduct not covered by this Settlement (for example, a false arrest or battery by a police officer).

### 15.   If I Do Not Like The Settlement Or Object To The Attorneys' Fees, How Do I Tell The Court?

If you are and remain a Class Member, you can object to the Settlement if you do not like any part of it, or you may object to the request for Attorneys' Fees. You must give the reason why you think that the Court should not approve the Settlement or the requested Attorneys' Fees. A mere statement that "I object" will not be sufficient. Do not contact the Court orally to object. Rather, you must send a written statement with the case name and number (*Lopez v. Youngblood, et al., Case No. CV-F-07-0474 DLB*) at the top of the page. In addition, provide your name, your address (just giving the address of an attorney who represents you is not sufficient), your telephone number, the date of arrest to the extent known, your signature and the reason why you object. If you are

7

EXHIBIT C

41

represented by a lawyer, you should also give the name, address and telephone number of that lawyer. **You must mail your objections and any supporting papers by First-Class mail, postmarked no later than** _____, 2011, to the Court and counsel as follows:

| U.S. District Court<br>2500 Tulare Street<br>Fresno, CA 93721<br>Phone: (559) 499-5600 | Barrett S. Litt<br>Attn: Julia White<br>Litt, Estuar & Kitson<br>1055 Wilshire Blvd. #1880<br>Los Angeles, CA. 90017<br>213-386-3114 | Terence J. Cassidy<br>Porter Scott<br>350 University Ave #200<br>P O Box 255428<br>Sacramento, CA 95865<br>(916) 929-1481 |
|---|---|---|

A full set of the settlement documents, including the Proposed Final Order of Approval and Settlement and the Motion For Award of Attorneys' Fees and Costs either is available (or will be if the motion for attorneys' fees has not yet been filed) on the case website, _____.

**16.     What Is The Difference Between Objecting And Excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the class. If you object and the Court rejects your objection, you remain a member of the class and will be bound by any outcome of the case. Excluding yourself is telling the Court that you do not want to be part of the class. If you exclude yourself, you have no basis to object because the case no longer affects you. **If you do object, you should also file a claim form.**

**17.     When And Where Will The Court Decide Whether To Approve The Settlement And Attorneys' Fees?**

The Court has scheduled the Fairness Hearing for 10:00 A.M. on _____, 2011, in the United States District Courthouse for the Eastern District of California, 2500 Tulare Street, Fresno, CA 93721, in the courtroom of Magistrate Judge Dennis Beck, Courtroom No. 9. At this Hearing, Judge Beck will consider whether the Settlement is fair, reasonable and adequate, and will determine the amount of Attorneys' Fees and costs to be awarded. If there are any objections, the Court will consider and rule on them. We do not know how long this process will take. We do not know if the Hearing will be continued. There will not be a new notice if it is. You may speak at the Hearing with the permission of the Court, but only if you have submitted your comments or objections as described above.

**18.     Do I Have To Come To The Hearing?**

No. You may, but need not, attend the Hearing. Class Counsel will answer any questions the Court may have. However, you may come if you choose, at your own expense. If you sent a written objection, you do not have to come to Court to talk about

8

EXHIBIT C

it. As long as you properly submitted your written objection, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 19.    May I Speak At The Hearing?

You will not be heard unless you have submitted your comments or objections. You cannot speak at the Hearing if you exclude yourself. If you have submitted an objection, the Court will decide whether or not to hear from you verbally as well.

### 20.    What Happens If I Do Nothing At All?

If you do nothing, your rights will be affected. You will be bound by the terms of the Settlement and you will be agreeing to a release of the claims that are contained in the Settlement. However, because you did not file a claim, you will not be entitled to any money from the Settlement.

### 21.    When Will I Receive Money From the Settlement?

No money will be paid until after the Settlement is approved and all possibilities of appeal are completed. After that, it will likely take two to three months, and quite possibly more, to process all the claims, calculate the amount due to each Class Member and receive the money to send to the Class Members.

If you file a claim and do not receive money within eight months after _____, 2011, which is the last day to mail or file a claim, check the website for this case about when mailings are expected, or contact the Class Administrator by either calling _____ or writing to:

*Lopez v. Youngblood* Settlement Administrator

_____

_____, CA _____

We strongly recommend that you keep a copy of your Claim Form. You may want to send the Form in by certified mail so it can be verified, but you are not required to do so.

Remember that it is possible that the Court will approve the settlement, but that there could be an appeal that would substantially delay any payment if it were successful.

### 22.    What Happens If There Is Not A Final Settlement?

Under certain circumstances, it is possible the settlement might not go through (for example, if there are too many people who decide not to participate or if the court for some reason does not approve the settlement). In that situation, the case would go forward and go to trial.

### 23.    Are There More Details About The Settlement?

This Notice merely summarizes the proposed Settlement. You may go to the website titled _____ to see the complete Settlement documents in the case, or a copy of the

9

EXHIBIT C

Motion for Award of Attorneys' Fees and Costs when it is filed.  In the event that any description in this Notice of the terms in the Settlement documents conflict with the actual terms of the Settlement documents, the terms of the Settlement documents control. You may also contact Class Counsel's paralegal on this case, Julia White, at 1055 Wilshire Blvd. #1880, Los Angeles, CA. 90017; ph: 213-386-3114, extension 211.

10

EXHIBIT C

# EXHIBIT D

1   Barrett S. Litt, SBN 45527
    Paul J. Estuar, SBN 167764
2   E-Mail: pestuar@littlaw.com
    LITT, ESTUAR & KITSON, LLP
3   1055 Wilshire Boulevard, Suite 1880
    Los Angeles, California 90017
4   Telephone:  (213) 386-3114
    Facsimile:  (213) 380-4585
5
    Robert Mann, SBN 48293
6   Donald W. Cook, SBN 116666
    E-Mail:  doncook@earthlink.net
7   Attorneys at Law
    3435 Wilshire Boulevard, Suite 2900
8   Los Angeles, California 90010
    Telephone:  (213) 252-9444
9   Facsimile:  (213) 252-0091

10  Attorneys for Plaintiffs

11  PORTER SCOTT                          Mark L. Nations, Chief Deputy, SBN 101838
    A PROFESSIONAL CORPORATION            Office of the County Counsel
12  Terence J. Cassidy, SBN 99180         1115 Truxtun Avenue, Fourth Floor
    Kristina M. Hall, SBN 196794          Bakersfield, California 93301
13  350 University Avenue, Suite 200      Telephone: (661) 868-3800
    Sacramento, California 95825          Facsimile: (661) 868-3805
14  Telephone: (916) 929-1481
    Facsimile:  (916) 927-3706            Attorneys for Defendants COUNTY OF
15                                        KERN, its agency the KERN COUNTY
                                          SHERIFF'S OFFICE, DONNY
16  Attorneys for Def. COUNTY OF KERN     YOUNGBLOOD and MACK WIMBISH

17

18              UNITED STATES DISTRICT COURT

19              EASTERN DISTRICT OF CALIFORNIA

20

21  MARSIAL LOPEZ, SANDRA                 Case No. CV-F-07-0474 DLB
    CHAVEZ, THEODORE MEDINA,
22  each individually, and as class       [Hon. Dennis L. Beck]
    representatives,
                                          FINAL ORDER OF APPROVAL OF
23                  Plaintiffs,           SETTLEMENT

24  vs.

25  SHERIFF DONNY YOUNGBLOOD,             Date:
    et al.,                               Time:        9:00 A.M.
26                                        Courtroom:   9
                    Defendants.
27

28

{00851460.DOC}                    1

EXHIBIT D

## I.   INTRODUCTION

This Lawsuit having come before this Court for a hearing, pursuant to this Court's Order Preliminarily Approving Proposed Settlement Between Plaintiffs and Defendant, dated _____, 2011 (the "Preliminary Approval Order") to consider and determine the matters set forth in the Preliminary Approval Order; and due notice of said hearing having been published and given; and all persons that made timely objections to the proposed settlement set forth in the Settlement Agreement made and entered into on _____, 2011, and described in the Class and Settlement Notice, having been given an opportunity to present such objections to the Court; and the Court having considered the matter, including all papers filed in connection therewith, and the oral presentations of counsel at said hearing; and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.     Each term and phrase used in this Final Order of Approval of Settlement shall have the same definition and meaning as in the Settlement Agreement, as follows:

a.   "Administrator" means the Class Administrator Gilardi & Co., LLC, as agreed upon by the parties and as to be appointed by the Court, to review and determine the validity and amount of claims submitted by a Settlement Class Member ("SCM"), as defined herein, according to the procedures set forth herein.

b.   The "Bar Date" is the date by which any SCM who wishes to receive payment pursuant to the Settlement Agreement must file his/her Proof of Claim and Release Form (attached as Exhibit B), objections to this Settlement Agreement, or request to be excluded from the class (opt-out). The Bar Date shall be calculated as the close of business on the 120th day after the last day of mailing Class Notice (the time frame for

{00851460.DOC}

2

Case 1:07-cv-00474-DLB   Document 125-5   Filed 01/22/11   Page 3 of 17

1  which mailing is up to two consecutive business days from beginning to

2  end, as is addressed in ¶33).

3  c.  "Class Counsel" means Barrett S. Litt and Paul J. Estuar, of Litt, Estuar

4  & Kitson ("LEK"), 1055 Wilshire Blvd., #1880, Los Angeles, CA.

5  90017.

6  d.  The "Class Notice" means the notice to the Class regarding settlement,

7  to be sent to Class Members in a form substantially similar to that

8  attached hereto as Exhibit C, and such other summary notice to be

9  published in accordance with the terms of this Settlement Agreement.

10  e.  The "Class Period" is March 27, 2005, to October 1, 2007.

11  f.  The Settlement Agreement "Database" is the information provided in

12  hard copy and/or electronic form by the Defendants to the Administrator

13  and Class Counsel no later than ten  (10) business days from the date the

14  Court grants preliminary approval of the terms of this Settlement

15  Agreement (if it has not already occurred). It includes, to the extent

16  available, the name, address at time of booking, date of birth, Social

17  Security Number, date(s) of movement to and from court or other places

18  that would subject inmates to searches in groups, dates of court

19  appearances as a result of which an inmate became entitled to release

20  from custody and the date of release from custody of such inmates, and

21  any other computerized data relevant to determining Class Membership

22  or notifying Class Members.

23  g.  The "Effective Date" means the date upon which a judgment entered by

24  the Court approving the Settlement Agreement becomes final. The

25  Judgment will be deemed final only upon expiration of the time to

26  appeal or, if a Notice of Appeal is filed, upon exhaustion of all appeals

27  and petitions for writs of certiorari, the final resolution of which upholds

28

{00851460.DOC}                                    3

EXHIBIT D

1    the settlement.

2    h.  An "Opt-Out" is any Class Member who files a timely request for

3        exclusion pursuant to the terms of this Settlement Agreement.

4    i.  The "Proof of Claim Form" means the Proof of Claim and Release Form

5        required to be used to make a claim for payment under this settlement. A

6        copy of the proposed Proof of Claim is attached as Exhibit B.

7    j.  "Released Person" means the Defendants and their affiliates,

8        subsidiaries, predecessors, successors, and/or assigns, together with past,

9        present and future officials, employees, representatives, attorneys, and/or

10       agents of the County of Kern, the Kern County Sheriff's Department, or

11       any of them. "Released Persons" also includes any and all insurance

12       carriers, and/or their representatives and attorneys, for the Released

13       Persons.

14   k.  "Post-Release Class" means those persons who, from March 27, 2005,

15       up to October 1, 2007, (a) were in KCSD custody; (b) were taken from

16       jail to court; (c) became entitled to release after going to court; and (d)

17       were strip and/or visual body cavity searched before release pursuant to

18       KCSD's blanket policy, practice and/or custom to strip/vbc search all

19       court returns, including those entitled to release.

20   l.  "Group Strip Search Class" means those persons who, from March 27,

21       2005, up to October 1, 2007, (a) were in KCSD custody; (b) were

22       subjected to a strip and/or visual body cavity search in a group with

23       other inmates also being strip/vbc searched, which search did not afford

24       privacy from others; and (c) whose strip searches were conducted

25       pursuant to KCSD's blanket policy, practice and/or custom to regularly

26       conduct strip/vbc searches in a group setting.

27   m. A "Class Member" means any member of either Class as defined above.

28

{00851460.DOC}                         4

EXHIBIT D

n.   A "Settlement Class Member" ("SCM") means any member of either Class as defined above, including representatives, successors and assigns, who does not file a valid and timely Request for Exclusion as provided for in this Settlement Agreement.

o.   "Strip Search" means a search conducted by Kern County Sheriff's personnel on a Kern County inmate in which the person was required to remove his or her clothing, including underwear, in the presence of a corrections officer and/or expose his or her breasts, genitals or body cavities for a visual inspection.

2.   This Court has jurisdiction over this Lawsuit and each of the parties to it.

## II.   Objections

3.   There have been a combined total of _____ objections to the settlement and/or the Motion for an award of attorneys' fees filed. The Court addresses those objections below, and the award of attorney's fees and costs further on in this Order.

4.   **[Discussion of Objections]**

## III.   OPT OUTS

5.   There have been a total of _____ opt outs, who filed timely opt out notices. Except for these opt outs, all Class Members are bound by the terms of this Order.

## IV.   Settlement Agreement approved because fair, adequate, and reasonable.

6.   The settlement of this Lawsuit was not the product of collusion between Plaintiffs and Defendants or their respective counsel, but rather was the result of bona fide and arm's-length negotiation conducted in good faith by the Parties and their counsel, with the assistance of an independent mediator, who is a retired United States District Judge.

{00851460.DOC}

5

EXHIBIT D

1     7.    The Settlement Agreement and the settlement set forth therein are
2  hereby approved and found to be fair, adequate, reasonable, in the best interest of
3  the Class as a whole, and in satisfaction of Rule 23 of the Federal Rules of Civil
4  Procedure and due process requirements.

5  **V.   Classes Certified Under Federal Rules Of Civil Procedure 23(B)(3).**

6     8.    The Court has previously certified a strip search class in this case,
7  initially in its Order of April 1, 2009, and subsequently in the Stipulated Order
8  Granting Preliminary Approval to Class Settlement. The class has been certified
9  under Fed. R. Civ. P. 23(b)(3), and Class Members have a right to opt out of the
10  settlement.

11  **VI.   Class-wide Prospective Relief**

12     9.    As a result of this litigation, Kern County has ceased the practice of
13  strip searching court returns in groups and strip searching people who have gone to
14  court and become entitled to release as a result.

15  **VII.  Notice**

16     10.   As required by this Court in its Preliminary Approval Order: (a) Class
17  and Settlement Notice were mailed by first-class mail to all Class Members or their
18  representatives, whose addresses could be obtained with reasonable diligence; and
19  (b) Class and Settlement Notice was published in a summary fashion as set forth in
20  the Settlement Agreement and in the Preliminary Approval Order, all as more fully
21  set forth in the Declaration of the Class Administrator, dated _____, ____.

22     11.   The notice given to the class is hereby determined to be fully in
23  compliance with requirements of Rule 23 of the Federal Rules of Civil Procedure
24  and due process and is found to be the best notice practicable under the
25  circumstances and to constitute due and sufficient notice to all parties entitled
26  thereto.

27

28

{00851460.DOC}

6

EXHIBIT D

1      12.    Due and adequate notice of the proceedings having been given to the

2  Class and a full opportunity having been offered to the Class to participate in the

3  hearing, it is hereby determined that all Class Members, except those who have

4  opted out of the settlement (who are listed in Exhibit 1 to this Order) are bound by

5  this Final Order of Approval of Settlement.

6  **VIII.  Class Counsel**

7      13.    The Court reaffirms the appointment of Barrett S. Litt and Paul J.

8  Estuar as counsel for the Class Representatives and the Class ("Class Counsel").

9  **IX.    Payments To The Class By The Defendants**

10      14.    As set forth in more detail in the Settlement Agreement, the

11  Defendants agreed to pay all Class Members who file claims on the following

12  terms.

13      a.  Post-Release Settlement Class Member 1: A Post-Release Settlement

14          Class Member 1 is a SCM who meets the definition of a Post-Release

15          Settlement Class Member provided above and was subjected to a post-

16          release strip/vcb search for the first time during the Class Period.

17          Defendants agree to pay a SCM who qualifies as a Post-Release Class

18          Member 1 a sum of $1500.

19      b.  Post-Release Settlement Class Member 2: A Post-Release Settlement

20          Class Member 2 is a SCM who meets the definition of a Post-Release

21          Settlement Class Member provided above and was subjected to a post-

22          release strip/vcb search for a second time during the Class Period.

23          Defendants agree to pay a SCM who qualifies as a Post-Release Class

24          Member 2 a sum of $650 (in addition to the amount such SCM receives

25          as a Post-Release Settlement Class Member 1). No additional sums shall

26          be paid to a Post-Release Settlement Class Member who was subjected to

27          a post-release strip/vcb search more than two times. (No additional

28

{00851460.DOC}              7

EXHIBIT D

1    payments will be made to persons subjected to more than two such

2    searches.)

3    c.  Group Strip Search Settlement Class Member: A Group Strip Search

4    Settlement Class Member is a SCM who meets the definition of a Group

5    Strip Settlement Class Member provided above and was subjected to a

6    group strip/vcb search during the Class Period. Defendants agree to pay a

7    SCM who qualifies as a Post-Release Class Member 1 a sum of $200. No

8    additional sums shall be paid to a Group Strip Search Settlement Class

9    Member who was subjected to a post-release strip/vcb search more than

10    one time (i.e., each Group Strip Search Settlement Class Member shall be

11    paid $200 no matter how many times the individual was subjected to a

12    group strip search).

13    15.    A SCM who is a Post-Release Class Member is also entitled to

14 payment as a Group Strip Search Class Member in addition to the payment s/he

15 receives as a Post-Release Class Member.

16    16.    Notwithstanding the amounts set forth above to be paid to each Class

17 Member, the parties have agreed to a maximum payout for each class, the amount

18 of which was derived from their joint estimate that claims are unlikely to exceed

19 approximately 28% of the class members (and, based on past experience, will

20 likely be meaningfully lower than that). Accordingly, the amounts to be paid Class

21 Members (not including class representatives) will be adjusted if the amount to be

22 awarded eligible Class Members in either the Post-Release or Group Strip Search

23 make claims that exceed the total amount to be paid to that class. In that event, the

24 amount that members of that class receive will be adjusted on a pro-rated basis,

25 which would result in payment to individual Class Members of amounts lower than

26 those set forth above. Thus, the total amount paid to Post-Release Class Members

27 is capped at $2,335,830.00, and if claims exceed that, they will be adjusted on a

28

{00851460.DOC}                      8

EXHIBIT D

1   pro-rated basis so that the total payment to such Post-Release Class Members (first

2   and second time combined) will not exceed that total. Similarly, the amount paid to

3   Group Strip Search Class Members is capped at $2,016,000.00, and if claims

4   exceed that, they will be adjusted on a pro-rated basis so that the total payment to

5   such Group Strip Search Class Members will not exceed that total.

6        17.    Within thirty (30) calendar days from the date the Claims

7   Administrator notifies counsel for Defendants of the amount necessary to satisfy

8   all proper claims, the Defendants shall have deposited with the Class Administrator

9   the sums necessary to pay all claims made and approved to date. In the event that,

10   for some reason, there are timely claims not yet resolved, Defendants shall

11   continue to provide on an ongoing basis such sums as may be required to continue

12   to pay approved claims until all such claims are paid or determined not to qualify

13   for payment.

14        18.    The Administrator shall make payments to SCMs who have filed

15   timely claims in accordance with this Settlement Agreement within a reasonable

16   time, with a goal of within 120 days after the Effective Date. If a check to a SCM

17   is not cashed within three months of its mailing, the Administrator shall hold the

18   funds for nine additional months, during which time it shall make reasonable

19   efforts to contact the person to whom the un-cashed check was written to make

20   arrangements for its chasing or reissuance. Any such funds not cashed within one

21   year of its mailing shall revert to Defendants.

22   **X.    Named Plaintiffs' Distribution**

23        19.    The Court awards each of the three class representatives – Marsial

24   Lopez, Sandra Chavez, and Theodore Medina – $30,000. The class representatives

25   will not otherwise participate in the claims process involving SCMs or receive any

26   other payment under the terms of this Settlement Agreement. Pursuant to the terms

27   of the Settlement Agreement, the class representatives' payment shall be made to

28

{00851460.DOC}                9

EXHIBIT D

1  the Litt, Estuar & Kitson Client Trust Account by wire at the same time that the

2  class attorneys' fees are paid.

3       20.   The Court concludes that this award is justified because the Named

4  Plaintiffs made contributions to the class as a whole, justifying awards to them

5  higher than those to the general class. In addition, the Named Plaintiffs'

6  individualized damages claims, including special damages, are a factor in the

7  determination of the sum they receive. Such determinations cannot reasonably be

8  made for Class Members in general without unduly consuming funds for

9  administrative costs that will otherwise be available for distribution to Class

10 Members. Any fees due Class Counsel for their representation of the Named

11 Plaintiffs are encompassed within the Class Fund Attorneys' Fees referenced

12 herein.

13 **XI.   Class Fund Attorneys' Fees**

14       21.   The Court has reviewed the Plaintiffs' counsel's claim for attorneys'

15 fees and finds them well within the accepted range for class fund fees for the

16 reasons contained in the Order Granting Plaintiffs Motion for Attorneys' Fees and

17 Costs. In addition to and separate from any other payments called for in this Order,

18 the Released Parties shall pay a one-time only lump sum payment of $2,000,000,

19 to be paid to the LEK Client Trust Account, as Class Counsel attorneys' fees, plus

20 costs not to exceed $65,000. This payment represents a full and final settlement of

21 all past, present and future attorneys' fees and all past, present and future ordinary

22 and extraordinary costs. Defendants or their insurers will make a single wire

23 transfer to the LEK Client Trust Account that will include the approved attorneys'

24 fees and costs, and the funds awarded to the class representatives, in a single

25 transfer (hereafter the "Class Rep/Fee Transfer") within thirty (30) days of the

26 Effective Date.

27

28

{00851460.DOC}                              10

EXHIBIT D

## XII.   CLASS-WIDE PROSPECTIVE RELIEF STRIP SEARCH CLASS

22.    As a result of this litigation, Defendants have discontinued the practices of strip searching inmates in groups and strip searching inmates returning from court who have become entitled to release as a result of their court appearance

## XIII.  SPECIAL MASTER

23.    The Court appoints retired United States District Judge Raul A. Ramirez as the Special Master provided for in the Settlement Agreement.

## XIV.  Class Administrator

24.    The Court reaffirms the appointment of Gilardi & Co., LLC as Class Administrator (hereafter "Gilardi"). Defendants shall pay all past and future costs of class administration as a separate and distinct payment from all other payments set forth in this Order.

25.    The Class Administrator shall preserve all written communications from Class Members in response to the Class and Settlement Notice for at least three years from the last payment of settlement funds to class members, or pursuant to further order of the Court. All written communications received by the Class Administrator from Class Members relating to the Settlement Agreement shall be available at all reasonable times for inspection and copying by Counsel for the Parties.

## XV.   Remaining Class Administration

26.    To the extent it has not already occurred, or to the extent financial obligations under this settlement become due in the future, the Class Administrator shall be additionally compensated by Defendants for its services, and any costs associated with them, in connection with notice and administration and for the costs of giving mailed and published notice, pursuant to such orders as the Court may enter from time to time, including this one. Such payment shall be separate

{00851460.DOC}

11

EXHIBIT D

1  from the payment of Named Plaintiffs awards, attorneys' fees and costs, and
2  payments to Class Members who file claims that are accepted.

3        27.    The Administrator shall make payments to SCMs in two payment
4  rounds. The first round payment shall be paid to SCMs who filed timely Proof of
5  Claim and Release Forms and whose claims have been determined to be valid,
6  within a reasonable time, with a goal to be within 120 days after the Effective
7  Date. If for some reason, there are SCMs at that time whose claims remain
8  unresolved, they shall be paid as they are resolved.

9        28.    If a check to a SCM is not cashed within three months of its mailing,
10 the Administrator shall hold the funds for nine additional months, during which
11 time it shall make reasonable efforts to contact the person to whom the un-cashed
12 check was written to make arrangements for its cashing or reissuance. Any such
13 funds not cashed within one year of its mailing shall revert to Defendants

14 **XVI.  LIEN PROVISIONS**

15       29.    Under the terms of the settlement agreement, the Administrator is
16 responsible to deduct from any claim certain payment amounts owed by a claim
17 participant for any liens or court orders for restitution, child support, debts to Kern
18 County and statutory liens. (Those Class Members filing claims who have liens
19 under this paragraph are referred to as "Claimant with Liens.") The Class
20 Administrator will make payment to Kern County, the proper payee and/or their
21 designee for those payment amounts deducted as set forth in this paragraph. The
22 Defendants shall prepare a list of the liens or orders applicable to each Class
23 Member with Liens (hereafter referred to collectively as "lien" or "liens"). That list
24 will be provided to the Administrator, which will be responsible to confirm the list
25 of such liens. The following procedures shall apply to the liens.

26       a. For Claimants with Liens, the payment disbursement letter
27           accompanying any claim check sent to them shall include a notice of that
28

{00851460.DOC}          12

EXHIBIT D

1   amount, specifying the nature of the lien and the purported amount of the

2   lien. The notice shall include advising the claimant of his or her right to

3   contest the lien and advise him or her of the procedures to do so. The

4   notice will advise the Claimant with Liens that they have 30 days from

5   the date of receipt of such notice (based on the postmark of said notice)

6   to file a Notice Contesting Lien. A form Notice Contesting Lien shall be

7   provided to each Claimant with Liens, to be prepared by the

8   Administrator subject to approval by the parties, which will be used to

9   contest the lien.

10   b.   In the event the parties are unable to resolve a lien dispute as set forth in

11   Paragraph 43(b) of the Class Action Settlement Agreement, the Special

12   Master (see ¶23) will be empowered to finally resolve any lien disputes

13   under this paragraph. To participate as a class member, any Claimant

14   with Liens will be deemed to have agreed that the Special Master's

15   determination shall be binding and non-appealable, and that fact shall be

16   included in the letter sent to Claimants with Liens. Such a claimant may

17   present his or her contentions and supporting documents in writing to the

18   Special Master. The Special Master will decide the validity of the lien,

19   and may request recommendations from each side's counsel before doing

20   so.

21   c.   Despite the amount of any lien, no Claimant with Liens shall have to pay

22   more than 50% of his/her class fund payment toward the lien, which

23   ensures that the claimant will receive funds for his/her claim regardless

24   of the amount of any lien.

25   d.   The cost of the Special Master shall be borne by the Defendants as part of

26   the Class Administration costs.

27

28

{00851460.DOC}                                    13

EXHIBIT D

30. The Court approves the use of the liens under the terms set forth herein, which will reduce the portion of the settlement provided to any SCM to whom these provisions apply. Any government recordation of such liens or debts shall be adjusted to the extent necessary to reflect the reduction resulting from the pay down of the liens or debts effectuated by this provision.

## XVII. GENERAL PROVISIONS

31. Claim forms not received or postmarked by ____, 2011, shall not be paid, although such persons shall nonetheless be bound by this Order.

32. All Class Members except those who timely filed opt-out forms shall be bound by this Order.

33. Except as otherwise provided in this Order, each party shall bear its own costs, expenses and attorneys' fees.

34. The use of the masculine gender herein is construed to include the feminine and/or the neuter where applicable. The use of the singular herein is to be construed to include the plural where applicable. The use of the plural herein shall be construed to include the singular where applicable.

35. Any disputes regarding the right of a claimant or Class Member to qualify for payment under Order shall be resolved by the Special Master.

36. The Court reserves and maintains jurisdiction over this settlement and its provisions, and over the Class Administration and distribution of the funds. Disagreements between the parties on any disputes or unresolved aspects of this Order shall be subject to mediation before the mediator who has mediated this case to date. If mediation is not successful, the matter shall be brought to this Court for resolution.

## XVIII. FINAL RESOLUTION

37. The monetary relief provided for in the Settlement Agreement shall compensate for all alleged violations of rights and all claims by the plaintiff Class

{00851460.DOC}

14

EXHIBIT D

1   Members that were or could have been brought in this civil action under any theory

2   of liability related to allegedly unlawful strip searches of those within the class

3   definitions contained herein, except as to monetary damages for those Class

4   Members who choose to opt out.

5         38.   The Court hereby dismisses the Lawsuit on the merits, with prejudice,

6   and without further costs, with such dismissal subject only to compliance by the

7   Parties with the terms and conditions of the Settlement Agreement and this Final

8   Order of Approval of Settlement. The Court retains jurisdiction for that purpose.

9         39.   Plaintiffs, including their agents, attorneys and assigns, are hereby

10   severally and permanently barred and enjoined, to the fullest extent permitted by

11   law, from filing, commencing, instituting, maintaining, prosecuting or participating

12   in a lawsuit or any other proceeding against the Defendants, including the

13   employees, entities, agents, attorneys and insurers of Defendants, involving or

14   based on any of the claims encompassed by this Settlement and Order, including

15   specifically claims on behalf of any Class Member whose claims are covered by

16   this Settlement and Order.

17         40.   The Named Plaintiffs and each Settlement Class Member waive all

18   rights or benefits which he or she now has or in the future may have under the

19   terms of California Civil Code Section 1542, arising from, alleged in, or pertaining

20   to the claims that were asserted in the Lawsuit, specifically claims for Post-Release

21   and/or Group strip/visual body cavity searches. Section 1542 reads:

22         41.   A general release does not extend to claims which the creditor does

23   not know or suspect to exist in his or her favor at the time of executing the release,

24   which if known by him or her must have materially affected his or her settlement

25   with the debtor.

26

27

28

{00851460.DOC}

15

EXHIBIT D

42. Plaintiffs and Class Members have not relied upon the advice of Class Counsel as to the legal and/or tax consequences of this settlement, the payment of any money by the Defendants or the distribution of the Settlement Funds.

43. Neither this Final Order of Approval of Settlement, the Settlement Agreement, nor any of its terms or the negotiations or papers related thereto a) shall constitute evidence or an admission by any Defendant that any acts of wrongdoing have been committed, b) shall be offered or received in evidence or used for any purpose whatsoever, in this or any other matter or proceeding in any court, administrative agency, arbitration, or other tribunal, other than as expressly set forth in the Settlement Agreement, or c) be deemed to create any inference that there is any liability therefore.

44. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds that there is no just reason for delay and therefore directs entry of this Final Order of Approval of Settlement. Inasmuch as this disposes of all claims asserted in the Lawsuit, the Court further directs the Clerk to enter an order of dismissal pursuant to F.R.Civ.P Rule 41(a)(1)(2).


DATED: _____     _____

                                   UNITED STATES MAGISTRATE JUDGE


{00851460.DOC}                              16

EXHIBIT D

1

2     Submitted jointly by:

3

4     Barrett S. Litt
      Counsel for Plaintiffs
5

6
      By: _____
7           Barrett S. Litt
8

9     Terrence J. Cassidy
10    Counsel for Defendants

11

12    By: _____
13          Terrence J. Cassidy

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
      {00851460.DOC}                          17

                                              EXHIBIT D

EXHIBIT E

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARSIAL LOPEZ; et al., | Nos. 09-16006; 09-17331 |
| Plaintiffs - Appellees, | D.C. No. 1:07-cv-00474-DLB Eastern District of California, Fresno |
| v. | |
| DONNY YOUNGBLOOD, Sheriff, individually and in his official capacity; et al., | ORDER |
| Defendants - Appellants, | |
| and | |
| COUNTY OF KERN, a government entity; et al., | |
| Defendants. | |

| | |
|---|---|
| DONNY YOUNGBLOOD; et al., | No. 09-80131 |
| Petitioners, | D.C. No. 1:07-cv-00474-DLB Eastern District of California, Fresno |
| v. | |
| MARSIAL LOPEZ; et al., | |
| Respondents. | |

Pursuant to the stipulation of the parties and the supplemental letter filed by counsel on January 21, 2011, these consolidated appeals are voluntarily dismissed pursuant to Fed. R. App. P. 42(b) without prejudice to reinstatement in the event any of the following occurrences take place:

(1) the District Court denies preliminary or final approval of the class action settlement reached by the parties through their mediation before the Honorable Raul Ramirez (see "Recitals" in the parties' January 19, 2011, joint motion);

(2) the number of opt-outs exceeds 25 and defendants file a notice in the District Court that the are exercising their right to rescind the settlement agreement;

(3) there is an objection from a class member that is granted and materially changes the terms of the settlement agreement such that either plaintiffs or defendants withdraw, via written notice filed in the District Court, from the settlement;

(4) there is an overruled class member objection that is timely appealed and therefore has not become final, and either (a) the Court of Appeal issues an order and mandate that upholds the overruled objection or (b) the United States Supreme Court grants a petition for a writ of certiorari and upholds the overruled objection.

In the event of listed items one through three, above, one of the parties shall file a notice of reinstatement within 28 days from the date of filing any such order or notice. In the event of listed item four, above, one of the parties shall file a notice of reinstatement within 28 days (a) after the filing of the mandate from the Court of Appeals that upholds the overruled objection or (b) after the United States Supreme Court upholds the overruled objection, if a petition for a writ of certiorari is filed and granted.

A copy of this order served upon the District Court shall act as and for the mandate of this court.

FOR THE COURT


By: C. Lewis Ross
Circuit Mediator

1  Barrett S. Litt, SBN 45527
   Paul J. Estuar, SBN 167764
2  E-Mail: pestuar@littlaw.com
   LITT, ESTUAR & KITSON, LLP
3  1055 Wilshire Boulevard, Suite 1880
   Los Angeles, California 90017
4  Telephone:  (213) 386-3114
   Facsimile:  (213) 380-4585
5
   Robert Mann, SBN 48293
6  Donald W. Cook, SBN 116666
   E-Mail:  doncook@earthlink.net
7  Attorneys at Law
   3435 Wilshire Boulevard, Suite 2900
8  Los Angeles, California 90010
   Telephone:  (213) 252-9444
9  Facsimile:  (213) 252-0091

10 Attorneys for Plaintiffs

11 PORTER SCOTT                         Mark L. Nations, Chief Deputy, SBN 101838
   A PROFESSIONAL CORPORATION           Office of the County Counsel
12 Terence J. Cassidy, SBN 99180        1115 Truxtun Avenue, Fourth Floor
   Kristina M. Hall, SBN 196794         Bakersfield, California 93301
13 350 University Avenue, Suite 200     Telephone: (661) 868-3800
   Sacramento, California  95825        Facsimile: (661) 868-3805
14 Telephone: (916) 929-1481
   Facsimile: (916) 927-3706            Attorneys for Defendants COUNTY OF KERN, its
15                                      agency the KERN COUNTY SHERIFF'S OFFICE,
                                        DONNY YOUNGBLOOD and MACK WIMBISH
16 Attorneys for Def. COUNTY OF KERN

17

18              **UNITED STATES DISTRICT COURT**

19             **EASTERN DISTRICT OF CALIFORNIA**

20
   MARSIAL LOPEZ, SANDRA              Case No. CV-F-07-0474 DLB
21 CHAVEZ, THEODORE MEDINA, each      [Hon. Dennis L. Beck]
   individually, and as class representatives,
22
                    Plaintiffs,         SUPPLEMENTAL FILING OF
23 vs.                                  EXHIBIT E, AND SIGNATURE
                                        PAGES TO EXHIBITS A and D TO
24 SHERIFF DONNY YOUNGBLOOD, et         PRELIMINARY APPROVAL
   al.,                                 ORDER
25                                      Date:          February 23, 2011
                    Defendants.         Time:          9 A.M.
26 al,                                  Courtroom:     9
27                  Defendants.
28

                                        1

1    Attached hereto is Exhibit E to the Preliminary Approval Order, as well as the

2    signature pages to Exhibit A and Exhibit D to the Preliminary Approval Order, all filed in

3    this matter on January 22, 2011.

4    Dated:  January 25, 2011                LITT, ESTUAR &  KITSON, LLP

5

6                                           By:  ___/s/ Barrett S. Litt_____

7                                                 Barrett S. Litt

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2  DATED: <u>January 24</u>, 2011                    By: <u>/s/ Mark L. Nations</u>

3                                                        Mark L. Nations, Chief Deputy
                                                         Office of the County Counsel
4                                                        COUNTY OF KERN

5

6  DATED: January 21, 2011                         By: _/s/ Barrett S. Litt _____

7                                                        Barrett S. Litt
                                                          LITT, ESTUAR & KITSON
8                                                        Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

{00850924.DOC} 18

CLASS ACTION SETTLEMENT AGREEMENT

EXHIBIT A

1

2  Submitted jointly by:

3

4  Barrett S. Litt
   Counsel for Plaintiffs
5

6
   By:  /s/ Barrett S. Litt
7       _____
        Barrett S. Litt
8

9  Terrence J. Cassidy
10 Counsel for Defendants

11

12 By:  /s/ Terence J. Cassidy
       _____
13      Terrence J. Cassidy

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
   {00851460.DOC}                              17

EXHIBIT D

1

2   Submitted jointly by:

3

4   Barrett S. Litt
    Counsel for Plaintiffs
5

6
    By:  /s/ Barrett S. Litt
7   _____
         Barrett S. Litt
8

9   Terrence J. Cassidy
10  Counsel for Defendants

11

12  By:  /s/ Terence J. Cassidy
    _____
13       Terrence J. Cassidy

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{00851460.DOC}                              17

                                                              EXHIBIT D

Case 1:07-cv-00474-DLB   Document 130-5   Filed 02/23/11   Page 62 of 64
Case 1:07-cv-00474-DLB   Document 128-3   Filed 01/25/11   Page 1 of 3
Case: 09-16006   01/21/2011   Page: 1 of 3   ID: 7622308   DktEntry: 27

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARSIAL LOPEZ; et al., | Nos. 09-16006; 09-17331 |
| Plaintiffs - Appellees, | D.C. No. 1:07-cv-00474-DLB |
| v. | Eastern District of California, Fresno |
| DONNY YOUNGBLOOD, Sheriff, individually and in his official capacity; et al., | ORDER |
| Defendants - Appellants, | |
| and | |
| COUNTY OF KERN, a government entity; et al., | |
| Defendants. | |

| | |
|---|---|
| DONNY YOUNGBLOOD; et al., | No. 09-80131 |
| Petitioners, | D.C. No. 1:07-cv-00474-DLB |
| v. | Eastern District of California, Fresno |
| MARSIAL LOPEZ; et al., | |
| Respondents. | |

62

EXHIBIT E

Case 1:07-cv-00474-DLB   Document 130-5   Filed 02/23/11   Page 63 of 64
Case 1:07-cv-00474-DLB   Document 128-3   Filed 01/25/11   Page 2 of 3
Case: 09-16006   01/21/2011   Page: 2 of 3   ID: 7622308   DktEntry: 27

Pursuant to the stipulation of the parties and the supplemental letter filed by counsel on January 21, 2011, these consolidated appeals are voluntarily dismissed pursuant to Fed. R. App. P. 42(b) without prejudice to reinstatement in the event any of the following occurrences take place:

(1) the District Court denies preliminary or final approval of the class action settlement reached by the parties through their mediation before the Honorable Raul Ramirez (see "Recitals" in the parties' January 19, 2011, joint motion);

(2) the number of opt-outs exceeds 25 and defendants file a notice in the District Court that the are exercising their right to rescind the settlement agreement;

(3) there is an objection from a class member that is granted and materially changes the terms of the settlement agreement such that either plaintiffs or defendants withdraw, via written notice filed in the District Court, from the settlement;

(4) there is an overruled class member objection that is timely appealed and therefore has not become final, and either (a) the Court of Appeal issues an order and mandate that upholds the overruled objection or (b) the United States Supreme Court grants a petition for a writ of certiorari and upholds the overruled objection.

EXHIBIT E

Case 1:07-cv-00474-DLB   Document 130-5   Filed 02/23/11   Page 62 of 64
Case 1:07-cv-00474-DLB   Document 128-3   Filed 01/25/11   Page 3 of 3
Case: 09-16006   01/21/2011   Page: 3 of 3   ID: 7622308   DktEntry: 27

In the event of listed items one through three, above, one of the parties shall file a notice of reinstatement within 28 days from the date of filing any such order or notice.  In the event of listed item four, above, one of the parties shall file a notice of reinstatement within 28 days (a) after the filing of the mandate from the Court of Appeals that upholds the overruled objection or (b) after the United States Supreme Court upholds the overruled objection, if a petition for a writ of certiorari is filed and granted.

A copy of this order served upon the District Court shall act as and for the mandate of this court.

FOR THE COURT

By: C. Lewis Ross
Circuit Mediator

EXHIBIT E

64